**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISON**

| | |
|---|---|
| LANA MOORE<br>c/o The Gauvin Law Firm<br>1120 N. Charles St., Suite 410<br>Baltimore, MD 21201 | ) |
| Plaintiff, | ) |
| v. | ) |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | ) |
| Defendant. | ) |

## COMPLAINT

Lana Moore (hereinafter "Plaintiff"), by and through her undersigned counsel, files this Complaint and avers as follows:

## NATURE OF THE ACTION

This is an employment civil rights case involving deprivations of rights made actionable pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000 *et seq.* and discharged in retaliation for engaging in protected activities in violation of Title VII.

## JURISDICTION AND VENUE

1. Venue is proper pursuant to 28 U.S.C. §§ 1391 and 1402, since the employment practices alleged to be unlawful were committed by defendant

and its agents within the State of Maryland and the United States District Court for the District of Maryland maintains jurisdiction because defendant does business within the jurisdiction of this Court.

## PARTIES

2. Plaintiff is a Caucasion American woman who has been aggrieved by the Defendant's unlawful employment practices.

3. At all relevant times, Defendant BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS has continuously been a Maryland corporation doing business in the state of Maryland and the city of Baltimore, and has had at least 15 employees.

## STATEMENT OF THE CLAIMS

4. Plaintiff is a 65 year-old woman who has been an educator for approximately 43 years.

5. Plaintiff holds a Doctorate Degree in Educational Leadership and a Maryland State Department of Education ("MSDE") endorsement to be Superintendent of Schools. During Plaintiff's tenure she has served as a teacher, an assistant principal, a principal and a network facilitator.

6. Plaintiff began her employment with Baltimore City Public Schools in 2010 as a high school principal.

7. Plaintiff, throughout her tenure, had an exemplary record and had received praise and positive performance evaluations.

8. On or about May 30, 2015, Plaintiff was notified that her position as network facilitator was being terminated as part of a system-wide reorganization.

9. Plaintiff was then directed to apply for other positions as her previous position was being terminated.

10. On June 1, 2015, Defendant began the process of posting newly created and open positions for competitive applications.

11. Plaintiff applied for a number of positions in which she exceeded qualifications. Plaintiff also submitted an application for a position which was quite similar to the position she had previously held.

12. Although Plaintiff was highly qualified, Plaintiff was repeatedly denied and lesser qualified individuals were given offers of employment.

13. On July 17, 2015, Plaintiff initiated a complaint with the EEO office based on age and race discrimination.

14. After filing the EEO complaint, Plaintiff was not offered interviews for positions in which she was highly qualified. Plaintiff believes that BCPS retaliated against her for having lodged a complaint with the EEO.

15. The effect of the practices complained of above has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her race and age.

16. As a direct and proximate cause of these violations of her rights under Title VII, Plaintiff has suffered damages, without limitation, medical and wage earnings. In addition, she has suffered humiliation, emotional pain, suffering, anxiety, stress, loss of enjoyment of life, depression and inconvenience.

17. The unlawful employment practices complained of above were intentional.

18. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Plaintiff.

## COUNT I
## RACE DISCRIMINATION

19. Paragraphs 1 through 18 are hereby incorporated by reference into this count.

20. Defendant has repeatedly engaged in unfair employment practices based upon race. Plaintiff has consistently been treated unfairly compared to her colleagues in terms of employment opportunities.

21. That the Deputy Chief Academic Officer, Theodore Thompson, PhD., who was integral to the interview process favored African-American female applicants and employees.

22. That as a result of the behavior of Dr. Thompson, less qualified African-American women were hired over Plaintiff.

23. As a result of this disparate treatment, the plaintiff has suffered the stress of unemployment, loss of esteem, damage to her professional career and

reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

COUNT II
AGE DISCRIMINATION

24. Paragraphs 1 through 23 are hereby incorporated by reference into this count.

25. Defendant has repeatedly engaged in unfair employment practices based upon race. Plaintiff has consistently been treated unfairly compared to her colleagues in terms of employment opportunities.

26. That the Deputy Chief Academic Officer, Theodore Thompson, PhD., who was integral to the interview process favored younger female applicants and employees.

27. That as a result of the behavior of Dr. Thompson, younger and less qualified African-American women were hired over Plaintiff.

28. As a result of this disparate treatment, the plaintiff has suffered the stress of unemployment, loss of esteem, damage to her professional career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

COUNT II
RETALIATION

29. Paragraphs 1 through 28 are hereby incorporated by reference into this count.

30. After Plaintiff had made and filed complaints and grievances with her supervisor and the Human Resources regarding being treated unfairly due to her race and age, Plaintiff was been subjected to retaliation.

31. Retaliation has occurred by being denied interviews for positions where Plaintiff clearly had met the eligibility requirements.

32. As a result of this retaliation, Plaintiff has suffered the stress of unemployment, loss of esteem, damage to her professional career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

## COUNT III
## INTENTIONAL AFFLICTION OF EMOTIONAL DISTRESS

33. Paragraphs 1 through 32 are hereby incorporated by reference into this count.

34. Plaintiff alleges intentional infliction of emotional distress as a theory of recovery based upon the discrimination and retaliation claims.

35. Plaintiff had endured repeated acts of intentional and extreme and outrageous behavior at the hands of Defendant. Such acts included, but are not limited to: 1) denied offers of employment where Plaintiff was clearly qualified, 2) denied offers to interview where Plaintiff clearly met the eligibility requirements, and 3) inaction by the EEO office.

36. As a result of the intentional infliction of emotional distress, Plaintiff has suffered the stress of unemployment, loss of esteem, damage to her professional career and reputation, lost wages and fringe benefits, and mental and physical pain and suffering.

## PRAYER FOR RELIEF

Wherefore, Plaintiff respectfully requests that this Court:

A. To award her all the back, front and fringe benefits she has lost as a result of defendant's unlawful discrimination against her in the amount of $100,000.00;

B. To award her compensatory damages in the amount of 60,000.00;

C. To award her punitive damages in the amount of $300,000.00;

D. To award reasonable attorney fees in this action; and

E. To award her such other and further relief as this Court deem just and proper.

## JURY TRIAL DEMAND

Plaintiff requests a jury trial on all question of fact raised by this Complaint.

Respectfully Submitted.

_______/s/_____________________________

Karl-Henri Gauvin (Bar No. 16926)
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, Maryland 21202
410.695.3537 (phone)

Certificate of Service

I HEREBY CERTIFY that on this ____ day of ________, 20__, Plaintiff's Complaint was served by Electronic filing and first class postage prepaid mail to the following:

G. Daniel Shealer, Jr., Esq.
General Counsel
733 N. Broadway, Suite 102
Baltimore, MD 21205

Respectfully Submitted.

_______/s/____________________

Karl-Henri Gauvin (Bar No. 16926)
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, Maryland 21202
410.209.4538 (phone)