*EXHIBIT I*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LANA MOORE *

Plaintiff(s) *

vs. * Civil Action No. CCB-19-0154

BALTIMORE CITY BOARD OF
SCHOOL COMMISSIONERS *

Defendant(s) *

**********

**SCHEDULING ORDER**

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below. Thereafter, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing. Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov. You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers. **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.** The paper copy should be sent to the Clerk's Office, not directly to my chambers.

I. DEADLINES

| | |
|---|---|
| July 1, 2019: | Moving for joinder of additional parties and amendment of pleadings |
| October 27, 2019: | Discovery deadline; submission of status report |
| November 4, 2019: | Requests for admission |
| November 28, 2019: | Dispositive pretrial motions deadline |

## II. DISCOVERY

### Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

### Discovery Conference

This action is exempted from the requirements of Fed. R. Civ. P. 26(d)(1) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, (d) discuss any issues about preserving discoverable information, and (e) establish a cordial professional relationship among yourselves.

### Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d. Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

### Deposition Hours

Please confer with one another immediately concerning the number of hours of depositions which you believe are appropriate. If I have not heard from you by the date set forth in Section I of this order, each side shall be limited to 25 hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

## III. STATUS REPORT

The parties shall file on the day of the discovery deadline a status report covering the following matters:

a. Whether discovery has been completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion;

d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

h. Any other matter which you believe should be brought to the court's attention.

## IV. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V. STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

a. I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

b. I will set a pretrial conference date and a trial date; and

c. I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.

Date: 5/29/19

/S/ CCB
Catherine C. Blake
United States District Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3220
Fax (410) 962-6836

MEMORANDUM TO COUNSEL

Many members of our bar have expressed concern about the obstacles our Local Rules and practices present to timely, efficient, and inexpensive resolution of discovery disputes. In order to address these concerns, some chambers have implemented a "call-in" program for the resolution of discovery disagreements.

I will make myself available by telephone to resolve emergency discovery disputes and other discovery issues that do not require extensive briefing. The following procedures will apply:

1. Before requesting a hearing, counsel must give opposing counsel at least twenty-four hours notice of their intent to do so.

2. Counsel involved in the discovery dispute should electronically file by 4:00 p.m. on the day before the hearing short letters (not to exceed two pages) setting forth their respective positions.

3. It is the responsibility of counsel who requests the hearing to arrange for a conference call at the prescribed time.

4. I will not have a record made of the hearing. If any of you want a record to be made, it will be your responsibility to have a court reporter present in your office or to arrange for the hearing to be tape recorded. Of course, in either event you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so, after hearing from you I will direct that the procedures for formal briefing be followed.

The "call-in" program does not displace my existing practice of making myself available whenever I can to resolve disputes as they arise during the course of a deposition. I will continue to follow that practice as well.

Catherine C. Blake
United States District Judge

# Pre-Conference Discussion (Moore, Lana v. BCBSC)

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Cc: ALCostley@bcps.k12.md.us

Date: Tuesday, May 28, 2019, 01:03 PM EDT

Good afternoon Karl-Henri.

Thanks for your call.

Per our conversation today, May 28, 2019, we agreed to the following:

**Discovery Deadline – October 27, 2019**

**Dispositive Motions Deadline – November 28, 2019**

**No experts expected to be designated by either party**

**25 hours for each party's depositions**

**Yes to electronic discovery**

**Settlement Conference to be scheduled after dispositive motions.**

**Parties do not agree to U.S. Magistrate.**

Please confirm that this is what we agreed. Thanks.

**Tamal A. Banton, Senior Counsel**

**Office of Legal Counsel**

**Baltimore City Public Schools**

**200 E. North Avenue, Suite 208**

**Baltimore, Maryland 21202**

**410-396-8542 telephone**

**410-396-2955 facsimile**

**tabanton@bcps.k12.md.us**

**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

*EXHIBIT II*

# Plaintiff's Discovery Requests (Moore, Lana v. BCBSC)

From: Karl-Henri Gauvin (kgauvin@gauvinlawfirm.com)

To: tabanton@bcps.k12.md.us

Cc: ALCostley@bcps.k12.md.us

Date: Thursday, July 25, 2019, 11:38 AM EDT

Mr. Banton,

Enclosed please see Plaintiff's Discovery Requests.

Kind regards,

Karl-Henri Gauvin

On Wednesday, May 29, 2019, 2:51:31 PM EDT, Banton, Tamal A <tabanton@bcps.k12.md.us> wrote:

Good afternoon Karl-Henri.

Attached please see**BCBSC's Interrogatories** and **First Requests for Production of Documents** to Plaintiff relating to the*Lana Moore v. BCBSC* case. Thanks.

**Tamal A. Banton, Senior Counsel**
**Office of Legal Counsel**
**Baltimore City Public Schools**
**200 E. North Avenue, Suite 208**
**Baltimore, Maryland 21202**
**410-396-8542 telephone**
**410-396-2955 facsimile**
**tabanton@bcps.k12.md.us**
**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited.Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail attabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

Lana Moore Document Production Request.pdf
104.9kB

LanaMooreInterrogtories.pdf
118.2kB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LANA MOORE, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No.: CCB-19-0154 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| Defendant | * | |

* * * * * * * * * * *

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to Fed. R. Civ. P. 34, L.R. 104, and Appendix A to the Local Rules (Discovery Guidelines), Plaintiff Lana Moore, by his undersigned attorney Karl-Henri Gauvin and The Gauvin Law Firm, requests that Defendant Baltimore City Board of School Commissioners ("BCBSC") respond to this Request within the time prescribed by the Federal Rules of Civil Procedure, and produce or make available for inspection and copying the following documents and electronically storied information ("ESI") at such time and place as may be agreed upon by all counsel.

**INSTRUCTIONS**

1. Pursuant to Rule 34(b)(2)(B), if you object to a request, the grounds for each objection must be stated with specificity. Also pursuant to that Rule, if you intended to produce copies of documents or of ESI instead of permitting inspection, you must so state.

2. If, in responding to this Request for Production, the responding party encounters any ambiguities when construing a request or definition, the response shall set forth the matter deemed ambiguous and the construction used in responding.

3. Pursuant to Rule 34(b)(2)(C), an objection must state whether any responsive materials are being withheld on the basis of that objection.

4. Whenever in this Request you are asked to identify or produce a document which is deemed by you to be properly withheld from production for inspection or copying:

A. If you are withholding the document under claim of privilege (including, but not limited to, the work product doctrine), please provide the information set forth in Fed. R. Civ. P. 26(b)(5) and Discovery Guideline 10(d)(ii)(b). For electronically stored information, a privilege log (in searchable and sortable form, such as a spreadsheet, matrix, or table) generated by litigation review software, containing metadata fields that generally correspond to the above paragraph is permissible, provided that it also discloses whether transmitting, attached or subsidiary ("parent-child") documents exist and whether those documents have been produced or withheld.[1]

B. If you are withholding the document for any reason other than an objection that it is beyond the scope of discovery, identify as to each document and, in addition to the information requested in paragraph 4.A, above, please state the reason for withholding the document. If you are withholding production on the basis that ESI is not reasonably accessible because of undue burden or cost, provide the information required by Discovery Guideline 10(e).

5. When a document contains both privileged and non-privileged material, the non-privileged material must be disclosed to the fullest extent possible without thereby disclosing the privileged material. If a privilege is asserted with regard to part of the material contained in a document, the party claiming the privilege must clearly indicate the portions as to which the

[1] Comment: Many commercial "litigation review software" platforms are capable of generating a privilege log. Nothing in this Appendix compels the use of such platforms in general or for privilege logs. A requesting party may choose to include this optional paragraph, which may be appropriate or inappropriate, depending on the needs of the case.

privilege is claimed. When a document has been redacted or altered in any fashion, identify as to each document the reason for the redaction or alteration, the date of the redaction or alteration, and the person performing the redaction or alteration. Any redaction must be clearly visible on the redacted document.

6. It is intended that this Request will not solicit any material protected either by the attorney/client privilege or by the work product doctrine which was created by, or developed by, counsel for the responding party after the date on which this litigation was commenced. If any Request is susceptible of a construction which calls for the production of such material, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 9(a) will be required as to such material.

## DEFINITIONS

Notwithstanding any definition set forth below, each word, term, or phrase used in this Request is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure. As used in this Request, the following terms are to be interpreted in accordance with these definitions:

1. *Communication:* The term "communication" means the transmittal of information by any means.

2. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the usage of the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to

the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. *Form or Forms:* If documents are produced as electronically stored information, they shall be produced in the following form or forms: [to be determined by the requesting party consistent with Guideline 2.04 of the ESI Principles].2

5. *Occurrence/Transaction:* The terms "occurrence" and Atransaction" mean the events described in the Complaint and other pleadings, as the word Apleadings" is defined in Fed. R. Civ. P. 7(a).

6. *Parties:* The terms "plaintiff' and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

7. *Person*: The term "person" is defined as any natural person or any business, legal or governmental entity, or association.

8. *You/Your:* The terms "you" or "your" include the person(s) to whom this Request is addressed, and all of that person's agents, representatives, and attorneys.

9. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;" "any" means "any and all."

[2] Comment: Pursuant to Fed. R. Civ. P. 34(b)(1)(C), a requesting party "may specify the form or forms in which electronically stored information is to be produced." A requesting party may choose to include this optional paragraph, which may be appropriate or inappropriate, depending on the needs of the case.

"Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

10. If the requested documents are maintained in a file, the file folder is included in the request for production of those documents.

**STANDARD DOCUMENT REQUESTS**

1. The documents referred to in your Answers to Interrogatories.

2. All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by this party and any of its present or former directors, officers, or employees, concerning the action or its subject matter.

3. The documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and Rajat Biswas concerning the occurrence.

4. All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) or in connection with any witness identified in your Answer to Standard Interrogatory No. 8 or 9.

5. All documents received from or provided to any other party to this action or received from any third-party since the filing of the Complaint, whether provided informally or in response to a formal request.

6. All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7. All documents concerning any investigation made by Defendant in response to Plaintiff's complaints of harassment, discrimination, disparate treatment, and/or retaliation as alleged in the Complaint. Identify the author of each such document.

8. All documents concerning Defendant's policy to prevent discrimination/retaliation and Plaintiff's utilization of such policy, including without limitation any documents concerning Plaintiff's awareness of the policy and any documents concerning any training provided by Defendant to Plaintiff. Identify the author of each such document.

9. All documents that support, reflect, refer to any of Defendant's "Additional Defenses," as provided in Defendant's Answer to Complaint.

10. All documents contained in Plaintiff's personnel file or disciplinary file, or related to Plaintiff's employment, such as payroll records, benefits, and/or retirement plan.

11. All documents, including but limited to applications, resumes and interview scores) related to candidates who were either hired or given interviews for the same positions that Plaintiff had applied.

12. All documents that refer, relate to or reflect Defendant's efforts to prevent retaliation against Plaintiff.

13. All documents that relate to or concern Defendant's decision to not hire Plaintiff.

14. Any communications, including emails and other electronically stored information, from or to each person (either specifically or generally identified) concerning Plaintiff's applications.

15. Any communications, including emails and other electronically stored information, from or to each person (either specifically or generally identified) concerning Plaintiff's EEO complaint.

16. All documents which constitute, reflect or relate to any comparison made between Plaintiff and any individual applying for the same position as Plaintiff.

17. Any and all reports, letters of commendation, reviews, or other similar documents relating to Plaintiff's job performance not contained in Plaintiff's personnel file.

18. All statements of witnesses or potential witnesses or persons interviewed by Defendant in connection with this lawsuit.

19. Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on this lawsuit and may be used as demonstrative evidence at trial.

21. Documents you intend to introduce into evidence during the trial of this lawsuit.

Date: July 25, 2019

Respectfully submitted,

/s/ Karl-Henri Gauvin

Karl-Henri Gauvin (Federal Bar No. 15926)
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, MD 21202
(410) 209-4538
kgauvin@gauvinlawfirm.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| LANA MOORE,<br>Plaintiff | * <br>* | |
| v. | * | Civil Action No.: CCB-19-0154 |
| BALTIMORE CITY BOARD OF<br>SCHOOL COMMISSIONERS | * | |
| Defendant | * | |

* * * * * * * * * * *

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

Pursuant to Fed. R. Civ. P. 33, L.R. 104, and Appendix A to the Local Rules (Discovery Guidelines), Plaintiff Lana Moore, by her undersigned attorney Karl-Henri Gauvin and The Gauvin Law Firm, propounds these Interrogatories, to which Defendant Baltimore City Board of School Commissioners ("BCBSC") shall respond separately and fully, in writing and under oath, within the time prescribed by the Federal Rules of Civil Procedure, in accordance with the Instructions and Definitions set forth hereinafter.

**INSTRUCTIONS**

1. These instructions and definitions should be construed to require answers based upon the knowledge of, and information available to, the responding party as well as its agents, representatives, and, unless privileged, attorneys. It is intended that the following discovery requests will not solicit any information protected either by the attorney/client privilege or work product doctrine which was created or developed by, counsel for the responding party after the date on which this litigation was commenced. If any inquiry is susceptible of a construction

which calls for the production of such information, that material need not be provided and no privilege log pursuant to Fed. R. Civ. P. 26(b)(5) or Discovery Guideline 10(d) will be required as to such information.

2. These Interrogatories are continuing in character, so as to require that supplemental answers be filed seasonably if further or different information is obtained with respect to any interrogatory.

3. Pursuant to Discovery Guideline 10(b), no part of an interrogatory should be left unanswered merely because an objection is interposed to another part of the interrogatory. Pursuant to Discovery Guideline 10(a), if a partial or incomplete answer is provided, the responding party shall state that the answer is partial or incomplete.

4. Pursuant to Discovery Guideline 10(d), in accordance with Fed. R. Civ. P. 26(b)(5), where a claim of privilege is asserted in objecting to any interrogatory or part thereof, and information is not provided on the basis of such assertion:

A. In asserting the privilege, the responding party shall, in the objection to the interrogatory, or part thereof, identify with specificity the nature of the privilege (including work product) that is being claimed.

B. The following information should be provided in the objection, if known or reasonably available, unless divulging such information would cause disclosure of the allegedly privileged information:

(1) For oral communications:

a. the name of the person making the communication and the names of persons present while the communication

was made, and, where not apparent, the relationship of the persons present to the person making the communication;

b. the date and place of the communication; and

c. the general subject matter of the communication.

(2) For documents:

a. the type of document,

b. the general subject matter of the document,

c. the date of the document, and

d. such other information as is sufficient to identify the document, including, where appropriate, the author, addressee, custodian, and any other recipient of the document and, where not apparent, the relationship of the author, addressee, custodian, and any other recipient to each other.

5. If the responding party elects to specify and produce business records in answer to any interrogatory, the specification shall be in sufficient detail to permit the interrogating party to locate and identify, as readily as the responding party can, the business records from which the answer may be ascertained or, if produced electronically, produced in a manner consistent with Guideline 2.04 of the ESI Principles.

6. If, in answering these Interrogatories, the responding party encounters any ambiguities when construing a question, instruction, or definition,

the responding party's answer shall set forth the matter deemed ambiguous and the construction used in answering.

**DEFINITIONS**

Notwithstanding any definition below, each word, term, or phrase used in these Interrogatories is intended to have the broadest meaning permitted under the Federal Rules of Civil Procedure.

1. *Concerning:* The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

2. *Communication:* The term "communication" means the transmittal of information by any means.

3. *Document:* The terms "document" and "documents" are defined to be synonymous in meaning and equal in scope to the term "items" in Fed. R. Civ. P. 34(a)(1) and include(s), but is not limited to, electronically stored information. The terms "writings," "recordings," and "photographs" are defined to be synonymous in meaning and equal in scope to the usage of those terms in Fed. R. Evid. 1001. A draft or non-identical copy is a separate document within the meaning of the term "document."

4. *Identify (with respect to persons):* When referring to a person, to "identify" means to state the person's full name, present or last known address, and, when referring to a natural person, the present or last known place of employment. If the business and home telephone numbers are known to the answering party, and if the person is not a party or present employee of a party, said telephone numbers shall be provided. Once a person has been identified in accordance with this

subparagraph, only the name of the person need be listed in response to subsequent discovery requesting the identification of that person.

5. *Identify (with respect to documents):* When referring to documents, to "identify" means to state the: (i) type of document; (ii) general subject matter; (iii) date of the document; and, (iv) author(s), addressee(s), and recipient(s) or, alternatively, to produce the document.

6. *Occurrence/Transaction:* The terms "occurrence" and "transaction" mean the events described in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

7. *Parties:* The terms "plaintiff" and "defendant" (including, without limitation, third-party plaintiff, third-party defendant, counter claimant, cross-claimant, counter-defendant, and cross-defendant), as well as a party's full or abbreviated name or a pronoun referring to a party, mean that party and, where applicable, its officers, directors, and employees. This definition is not intended to impose a discovery obligation on any person who is not a party to the litigation or to limit the Court's jurisdiction to enter any appropriate order.

8. *Person:* The term "person" is defined as any natural person or any business, legal or governmental entity or association.

9. *You/Your:* The terms "you" or "your" include the person(s) to whom these requests are addressed, and all of that person's agents, representatives, and attorneys.

10. The present tense includes the past and future tenses. The singular includes the plural, and the plural includes the singular. "All" means "any and all;"

"any" means "any and all." "Including" means "including but not limited to." "And" and "or" encompass both "and" and "or." Words in the masculine, feminine, or neuter form shall include each of the other genders.

## INTERROGATORIES

1. Identify all persons who are likely to have personal knowledge of any fact alleged in the Complaint or in your Response to Complaint, and state the subject matter of the personal knowledge possessed by each such person.
2. For each witness identified by you, provide a complete statement of the opinions to be expressed and basis and reasons therefore.
3. Please describe Plaintiff's work performance while employed by BCBSC.
4. Please list any accolades given to Plaintiff while employed by BCBSC.
5. Please state reasons in detail why Plaintiff was not hired or interviewed for the positions she had applied.
6. Please list the qualifications, race and age of each person who was hired and interviewed for the positions in which Plaintiff had submitted an application.
7. Please list reasons why Plaintiff was not offered interviews after filing an EEO complaint.
8. State the facts concerning the matters alleged in paragraph 20 of your Response to the Complaint, including but not limited to the basis for your denial of employment to the Plaintiff in spite of exceeded qualifications.
9. State the facts concerning the matters alleged in paragraph 21 of your Response to the Complaint, including but not limited to the basis for Theodore Thompson's decision in denying the Plaintiff employment.

10. State the facts concerning the matters alleged in paragraph 22 of your Response to the Complaint, including but not limited to the experience of the African-American women hired over the Plaintiff.
11. State the facts concerning the matters alleged in paragraph 31 of your Response to the Complaint, including but not limited to the basis for your denial that following the complaints filed by the Plaintiff, retaliation did not take place.
12. Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's complaints of discrimination and/or retaliation as alleged in the Complaint, and describe the actions of such individuals in detail.
13. Describe fully and in detail (including the names and positions of the individuals involved, and the relevant dates) what steps, if any, Defendant took to prevent retaliation against Plaintiff after she made complaints as alleged in paragraph 14 of the Complaint
14. Describe in detail all training provided to Defendant's employees (as identified, specifically or generally, in Plaintiff's Complaint) regarding the prevention of discrimination, and/or retaliation, and complaint procedures, including the date and place of each such session. Identify each person who conducted each training session, and the persons who attended, and state whether attendance was mandatory.
15. Describe any documents that reflect policies and procedures used to ensure that discrimination does not take place within the hiring process, and identify if the Defendant's employees who were pertinent in the employment process were aware of such policies and procedures.
16. For the past five years, identify all persons who have made complaints of employment discrimination, a hostile work environment, or retaliation, against the

Baltimore City Public School System, its employees or officers; set forth the allegations of the complaint in detail; and describe in detail any action taken by the Defendant or its employees in response to the complaint. Complaints include verbal complaints, written complaints, lawsuits, agency filings, and any other means by which employees have complained about employment discrimination or a hostile work environment.

17. Does the Defendant or any of Defendant's employees have knowledge or indications of discrimination based upon race or age in the workplace of the Baltimore City Public School System and if so, please state:

a. The acts or circumstances involved;

b. The dates of their occurrence;

c. The location of their occurrence;

d. The names and titles of those involved;

e. The names and titles of those responsible for investigating the acts and/or circumstances;

f. The date and a description of action taken by management in response to the acts and/or circumstances;

g. Whether the acts and/or circumstances continued after management's response?

18. State for Plaintiff the following information:

a. The date the Plaintiff's position was terminated;

b. The educational level attained at the time of termination;

c. The job title, grade, or salary level and rate of pay at the date of termination;

19. State whether there was ever any complaint relative to Plaintiff's ability to do the work assigned, and if so, describe this in detail.

20. With respect to each meeting, conversation, or discussion, however informal, at which time the salary, performance, or evaluation of Plaintiff was discussed by officers and/or managers and/or supervisors of the Baltimore City Public School System set forth:

    a. The date of the meeting, conversation, or discussion;

    b. The name and address of each participant of the meeting, conversation, or discussion; and

    c. A description in detail of what was said by whom.

21. Set forth with particularity all facts and circumstances upon which you base each and every one of the "Affirmative Defenses," stating each one separately, and identifying all documents which reflect, refer to, or discuss the allegation(s) of the Complaint and/or the Defendant's defense(s) thereto.

Date: July 25, 2019

Respectfully submitted,

/s/ Karl-Henri Gauvin
Karl-Henri Gauvin (Federal Bar No. 15926)
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, MD 21201
(410) 209-4538

kgauvin@gauvinlawfirm.com

*EXHIBIT III*

# Discovery responses (Moore, Lana v. BCBSC)

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Cc: ALCostley@bcps.k12.md.us

Date: Wednesday, September 4, 2019, 11:29 AM EDT

Good morning counsel.

We are in receipt of records from your office relating to the above-referenced case; however, we did not receive copies of formal responses to BCBSC's Interrogatories and Requests for Production of Documents. Please advise when we can expect to receive those. That said, we are working to get formal responses to Plaintiff's discovery to you this month.

At this time we would like to request dates of availability for Ms. Moore to be deposed in this case. Our current dates of availability are as follows:

September 23 or 24, 2019

October 14 through 24, 2019.

Thank you for your time and attention to this email.

**Tamal A. Banton, Senior Counsel**

**Office of Legal Counsel**

**Baltimore City Public Schools**

**200 E. North Avenue, Suite 208**

**Baltimore, Maryland 21202**

**410-396-8542 telephone**

**410-396-2955 facsimile**

**tabanton@bcps.k12.md.us**

**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

*EXHIBIT IV*

# Discovery

From: Karl-Henri Gauvin (kgauvin@gauvinlawfirm.com)

To: tabanton@bcps.k12.md.us; kgauvin@gauvinlawfirm.com

Date: Thursday, September 26, 2019, 10:34 PM EDT

Tamal,

I have not received any responses to my discovery requests. Please advise when I should expect them.

Karl-Henri Gauvin

# Re: Discovery

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Cc: ALCostley@bcps.k12.md.us

Date: Thursday, September 26, 2019, 11:59 PM EDT

Please check your email. We have requested a discovery conference and you never responded. We have no formal discovery from the plaintiff, ie no answers to interrogatories or responses to request for production. So, we are again requesting a conference to discuss. Thanks.

Tamal A. Banton, Esq.

Get Outlook for iOS.

---

**From:** Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Sent:** Thursday, September 26, 2019 10:34:42 PM
**To:** Banton, Tamal A <tabanton@bcps.k12.md.us>; Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Subject:** Discovery

Tamal,

I have not received any responses to my discovery requests. Please advise when I should expect them.

Karl-Henri Gauvin

**CAUTION:** This email originated from outside the Baltimore City Public School System. Do not click links, give sensitive information, or open attachments unless from a trusted source. Forward all suspicious emails to CitySchoolsphish@bcps.k12.md.us.

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

*EXHIBIT V*

# RE: Plaintiff's responses to Discovery (Moore, Lana v. BCBSC)

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Cc: ALCostley@bcps.k12.md.us

Date: Tuesday, October 15, 2019, 05:52 PM EDT

We probably should seek a 60-90 day amendment. With Judge Gallagher now being assigned, it may be helpful to her calendar as well. We can discuss tomorrow or you can send some proposed list of dates.

**Tamal A. Banton, Senior Counsel**

**Office of Legal Counsel**

**Baltimore City Public Schools**

**200 E. North Avenue, Suite 208**

**Baltimore, Maryland 21202**

**410-396-8542 telephone**

**410-396-2955 facsimile**

**tabanton@bcps.k12.md.us**

**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

**From:** Karl-Henri Gauvin [mailto:kgauvin@gauvinlawfirm.com]
**Sent:** Tuesday, October 15, 2019 5:51 PM
**To:** Banton, Tamal A <tabanton@bcps.k12.md.us>; Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Cc:** Costley, Amanda L. <ALCostley@bcps.k12.md.us>
**Subject:** Re: Plaintiff's responses to Discovery (Moore, Lana v. BCBSC)

Good evening Sir.

I am in agreement that we need to modify the scheduling order so that both parties receive their requested documentation. How far would you like to go out?

Kind regards,

Karl-Henri

Sent from Yahoo Mail for iPhone

On Thursday, October 10, 2019, 9:16 AM, Banton, Tamal A <tabanton@bcps.k12.md.us> wrote:

> Good morning Karl.
>
> The document you sent as answers to interrogatories is not titled as such and is not signed by your client, Lana Moore. Additionally, we are still waiting on responses to requests for production of document from your client.
>
> We are working to get BCBSC's discovery responses to you very soon.
>
> Also, could you please provide dates of availability for Ms. Moore to be deposed in November 2019 so that we can note her deposition.
>
> Additionally, based upon the approaching deadlines, it would seem appropriate that the parties consider a modification of the scheduling order in this case. We are open to a discussion on that issue.
>
> Thank you for your time and attention to this email.
>
> **Tamal A. Banton, Senior Counsel**
> **Office of Legal Counsel**
> **Baltimore City Public Schools**
> **200 E. North Avenue, Suite 208**
> **Baltimore, Maryland 21202**
> **410-396-8542 telephone**
> **410-396-2955 facsimile**
> **tabanton@bcps.k12.md.us**
> **443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

**From:** Karl-Henri Gauvin [mailto:kgauvin@gauvinlawfirm.com]
**Sent:** Wednesday, October 9, 2019 3:02 PM
**To:** Banton, Tamal A <tabanton@bcps.k12.md.us>
**Cc:** Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Subject:** Plaintiff's responses to Discovery

Tamal,

Please find the enclosed responses to the Defendant's Interrogatories. The document production was sent earlier. Please let me know when I should expect responses to plaintiff interrogatories.

Kind regards,

Karl-Henri Gauvin

> ----- Forwarded Message -----
> **From:** "JJCDC2@opd.state.md.us" <JJCDC2@opd.state.md.us>
> **To:** kgauvin@gauvinlawfirm.com <kgauvin@gauvinlawfirm.com>
> **Sent:** Wednesday, October 9, 2019, 11:05:48 AM EDT
> **Subject:** Scanned from JJC-DC2.
>
> Please open the attached document. It was scanned and sent to you using JJC-DC2.
>
> Attachment File Type: pdf, Multi-Page
>
> Multifunction Printer Location: JJC - 3rd Floor
> Device Name: JJC-DC2

**CAUTION:** This email originated from outside the Baltimore City Public School System. Do not click links, give sensitive information, or open attachments unless from a trusted source. Forward all suspicious emails to CitySchoolsphish@bcps.k12.md.us.
NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

**CAUTION:** This email originated from outside the Baltimore City Public School System. Do not click links, give sensitive information, or open attachments unless from a trusted source. Forward all suspicious emails to CitySchoolsphish@bcps.k12.md.us.

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

*EXHIBIT VI*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LANA MOORE *

Plaintiff(s) *

vs. * Civil Action No. CCB-19-0154

BALTIMORE CITY BOARD OF
SCHOOL COMMISSIONERS *

Defendant(s) *

**********

## SCHEDULING ORDER

This scheduling order is being entered pursuant to Local Rule 103.9. Any inquiries concerning the schedule should be directed to my chambers, not to the Clerk's Office. Any party who believes that any deadline set forth in this Scheduling Order is unreasonable may request in writing a modification of the Order or that a conference be held for the purpose of seeking a modification of the Order, and any such request must be made on or before the first date set forth in Paragraph I below. Thereafter, **the schedule will not be changed except for good cause.**

This case is subject to electronic filing. Please familiarize yourself with the procedures for electronic filing available at: www.mdd.uscourts.gov. You must use the electronic filing system for filing documents with the Clerk and sending case related correspondence to chambers. **When you electronically file a document that, including attachments, is 15 pages or longer, you also must provide a paper copy of the document and a paper copy of the notice of electronic filing.** The paper copy should be sent to the Clerk's Office, not directly to my chambers.

### I. DEADLINES

| | |
|---|---|
| July 1, 2019: | Moving for joinder of additional parties and amendment of pleadings |
| October 27, 2019: | Discovery deadline; submission of status report |
| November 4, 2019: | Requests for admission |
| November 28, 2019: | Dispositive pretrial motions deadline |

## II. DISCOVERY

Initial Disclosures

This is an action in which Fed. R. Civ. P. 26(a)(1) disclosures need not be made.

Discovery Conference

This action is exempted from the requirements of Fed. R. Civ. P. 26(d)(1) and from Fed. R. Civ. P. 26(f). However, you are encouraged to confer with one another immediately in order to: (a) identify the issue(s), (b) set a discovery plan, (c) determine if the case can be resolved before your clients incur further litigation expense, (d) discuss any issues about preserving discoverable information, and (e) establish a cordial professional relationship among yourselves.

Procedure

All the provisions of Local Rule 104 apply, including the following:

a. All discovery requests must be served in time to assure that they are answered before the discovery deadline. An extension of the deadline will not be granted because of unanswered discovery requests.

b. The existence of a discovery dispute as to one matter does not justify delay in taking any other discovery. The filing of a motion to compel or a motion for a protective order will not result in a general extension of the discovery deadline.

c. No discovery materials, including Rule 26(a)(1) and Rule 26(a)(2) disclosures, should be filed with the court.

d. Motions to compel shall be filed in accordance with Local Rule 104.8 and applicable CM/ECF procedures.

e. Please be familiar with the Discovery Guidelines of this Court which are Appendix A to the Local Rules. Appendix D contains guidelines for form discovery requests and confidentiality orders that may be helpful to you.

Deposition Hours

Please confer with one another immediately concerning the number of hours of depositions which you believe are appropriate. If I have not heard from you by the date set forth in Section I of this order, each side shall be limited to 25 hours of depositions of fact witnesses (including parties). (If you agree to another number of deposition hours and notify me of your agreement, you may consider your agreement approved unless you hear from me to the contrary within 10 days.) If there are two or more parties on a particular side, they must share the deposition time allotted to their side unless upon your request I otherwise rule. Any colloquy engaged in by counsel shall be counted against his/her client's deposition time.

## III. STATUS REPORT

The parties shall file on the day of the discovery deadline a status report covering the following matters:

a. Whether discovery has been completed;

b. Whether any motions are pending;

c. Whether any party intends to file a dispositive pretrial motion;

d. Whether the case is to be tried jury or non-jury and the anticipated length of trial;

e. A certification that the parties have met to conduct serious settlement negotiations; and the date, time and place of the meeting and the names of all persons participating therein;

f. Whether each party believes it would be helpful to refer this case to another judge of this court for a settlement or other ADR conference, either before or after the resolution of any dispositive pretrial motion;

g. Whether all parties consent, pursuant to 28 U.S.C. § 636(c), to have a U.S. Magistrate Judge conduct all further proceedings in this case, either before or after the resolution of any dispositive pretrial motion, including trial (jury or non-jury) and entry of final judgment.

h. Any other matter which you believe should be brought to the court's attention.

## IV. DISPOSITIVE PRETRIAL MOTIONS

If more than one party intends to file a summary judgment motion, the provisions of Local Rule 105.2.c apply.

After motions and responses thereto have been filed, I will advise you if a hearing is to be scheduled.

## V. STATUS AND PRETRIAL CONFERENCES

I will set a scheduling conference after the status report has been filed, unless that report indicates that one or more of you intends to file a dispositive pretrial motion. In the latter event I will not set a scheduling conference until after I have ruled upon the motion (or the dispositive pretrial motion deadline passes without the anticipated motion being filed).

At the scheduling conference:

a. I will set a deadline for submitting the pretrial order, motions in limine, proposed voir dire questions and proposed jury instructions;

b. I will set a pretrial conference date and a trial date; and

c. I will ask you whether a settlement or other ADR conference with a judicial officer would be useful, and whether all parties would consent to trial (jury or non-jury) before a U.S. Magistrate Judge. **Please confer with your client about these matters before the conference so that you are in a position to respond.**

## VI. ATTORNEYS' FEES

In any case where attorneys' fees may be sought by the prevailing party, counsel must be familiar with the provisions of Local Rule 109.2 and the Rules and Guidelines for Determining Attorneys' Fees in Certain Cases which are Appendix B to the Local Rules.

## VII. COMPLIANCE WITH LOCAL RULES AND CM/ECF PROCEDURES

The court will demand compliance with the Local Rules and CM/ECF procedures. If you need to obtain a copy of the Local Rules or the CM/ECF procedures, they are available on our website at www.mdd.uscourts.gov.

## VIII. COMPLIANCE WITH PRIVACY PROTECTION RULE

Counsel are reminded that the Federal Rules of Civil Procedure were amended, effective December 1, 2007, with the addition of a new Rule 5.2 which has detailed requirements requiring the redaction of filings with this court that contain an individual's social security number, tax payer identification number, or birth date, the name of an individual known to be a minor, or a financial account number. It is essential that counsel comply with this rule and with the revised version of the Judicial Conference Privacy Policy adopted in March 2008. For further information on the Judicial Conference Privacy Policy see:
http://www.mdd.uscourts.gov/news/news/privacy_memo.pdf.

Date: 5/29/19

/S/ CCB
Catherine C. Blake
United States District Judge

# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
CATHERINE C. BLAKE
UNITED STATES DISTRICT JUDGE

U.S. COURTHOUSE
101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-3220
Fax (410) 962-6836

## MEMORANDUM TO COUNSEL

Many members of our bar have expressed concern about the obstacles our Local Rules and practices present to timely, efficient, and inexpensive resolution of discovery disputes. In order to address these concerns, some chambers have implemented a "call-in" program for the resolution of discovery disagreements.

I will make myself available by telephone to resolve emergency discovery disputes and other discovery issues that do not require extensive briefing. The following procedures will apply:

1. Before requesting a hearing, counsel must give opposing counsel at least twenty-four hours notice of their intent to do so.

2. Counsel involved in the discovery dispute should electronically file by 4:00 p.m. on the day before the hearing short letters (not to exceed two pages) setting forth their respective positions.

3. It is the responsibility of counsel who requests the hearing to arrange for a conference call at the prescribed time.

4. I will not have a record made of the hearing. If any of you want a record to be made, it will be your responsibility to have a court reporter present in your office or to arrange for the hearing to be tape recorded. Of course, in either event you must advise me and opposing counsel at the commencement of the hearing that a record is being made.

I will do my best to resolve as many disputes as I can in this informal manner. If, however, I determine that the issues are too complicated for me to do so, after hearing from you I will direct that the procedures for formal briefing be followed.

The "call-in" program does not displace my existing practice of making myself available whenever I can to resolve disputes as they arise during the course of a deposition. I will continue to follow that practice as well.

Catherine C. Blake
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISON**

LANA MOORE
c/o The Gauvin Law Firm
1120 N. Charles St., Suite 410
Baltimore, MD 21201
Plaintiff,

v.

BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS

Defendant.

CCB-19-0154

**ORDER**

UPON CONSIDERATION of the foregoing Consent Motion, it is this 23rd day of Oct., ~~2010~~, 2019 by this Honorable Court,

ORDERED, that the forgoing Joint Motion is GRANTED; and it is further

ORDERED, that the Court's Scheduling Order be, and hereby is modified as follows:

| | Current Dates | Proposed Dates |
|---|---|---|
| Discovery Closed | October 27, 2019 | January 27, 2020 |
| Requests for Admissions | November 4, 2019 | February 4, 2020 |
| Exparte Communications | | February 27, 2010 |
| Dispositive Pre-trial Motions | November 28, 2019 | February 28, 2020 |
| Settlement Conference | | TBD by the Court |

Judge
USDJ

*EXHIBIT VII*

# Response to Plaintiff's Interrogatories and Request for Production of Documents

From: Karl-Henri Gauvin (kgauvin@gauvinlawfirm.com)

To: tabanton@bcps.k12.md.us; kgauvin@gauvinlawfirm.com

Date: Sunday, December 29, 2019, 07:22 PM EST

Mr. Banton,

You have yet to provide any responses to the discovery that I have propounded on Defendant months ago. As a courtesy, I am letting you know that I will be filing a motion to compel to receive such materials.

Kind regards,

Karl-Henri Gauvin

*EXHIBIT VIII*

# Re: Response to Plaintiff's Interrogatories and Request for Production of Documents

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Date: Tuesday, December 31, 2019, 03:38 PM EST

Correct. Happy new year. Thanks.

Get Outlook for iOS

---

**From:** Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Sent:** Tuesday, December 31, 2019 3:00:54 PM
**To:** Banton, Tamal A <tabanton@bcps.k12.md.us>; Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Subject:** Re: Response to Plaintiff's Interrogatories and Request for Production of Documents

Good Afternoon,

Mr. Banton, pursuant to our discovery conference, you indicated that I would be receiving discovery this Friday January 3, 2020.

Thanks in advance and have a Happy New Year!!

Karl-Henri Gauvin
On Monday, December 30, 2019, 10:08:46 AM EST, Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com> wrote:

ok

On Monday, December 30, 2019, 9:59:06 AM EST, Banton, Tamal A <tabanton@bcps.k12.md.us> wrote:

On my way there now. Thank you.

**Tamal A. Banton, Acting Chief Legal Counsel**

**Office of Legal Counsel**

**Baltimore City Public Schools**

**200 E. North Avenue, Suite 208**

**Baltimore, Maryland 21202**

**410-396-8542 telephone**

**410-396-2955 facsimile**

**tabanton@bcps.k12.md.us**

**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited.Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail attabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

**From:** Karl-Henri Gauvin [mailto:kgauvin@gauvinlawfirm.com]
**Sent:** Sunday, December 29, 2019 9:05 PM
**To:** Banton, Tamal A <tabanton@bcps.k12.md.us>; Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Subject:** Re: Response to Plaintiff's Interrogatories and Request for Production of Documents

Mr. Blanton,

We should have the conference tomorrow after the deposition.

Karl-Henri Gauvin

Sent from Yahoo Mail for iPhone

On Sunday, December 29, 2019, 8:24 PM, Banton, Tamal A <tabanton@bcps.k12.md.us> wrote:

Feel free to let me know when you want to schedule a discovery conference and we can address outstanding discovery then. Thanks.

Get Outlook for iOS

---

**From:** Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Sent:** Sunday, December 29, 2019 7:22:37 PM
**To:** Banton, Tamal A <tabanton@bcps.k12.md.us>; Karl-Henri Gauvin <kgauvin@gauvinlawfirm.com>
**Subject:** Response to Plaintiff's Interrogatories and Request for Production of Documents

Mr. Banton,

You have yet to provide any responses to the discovery that I have propounded on Defendant months ago. As a courtesy, I am letting you know that I will be filing a motion to compel to receive such

materials.

Kind regards,

Karl-Henri Gauvin

**CAUTION:** This email originated from outside the Baltimore City Public School System. Do not click links, give sensitive information, or open attachments unless from a trusted source. Forward all suspicious emails toCitySchoolsphish@bcps.k12.md.us.

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

**CAUTION:** This email originated from outside the Baltimore City Public School System. Do not click links, give sensitive information, or open attachments unless from a trusted source. Forward all suspicious emails toCitySchoolsphish@bcps.k12.md.us.

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

**CAUTION:** This email originated from outside the Baltimore City Public School System. Do not click links, give sensitive information, or open attachments unless from a trusted source. Forward all suspicious emails to CitySchoolsphish@bcps.k12.md.us.

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

*EXHIBIT IX*

# BCBSC's Responses to Plaintiff's Request for Production of Documents (

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Cc: ALCostley@bcps.k12.md.us

Date: Thursday, January 2, 2020, 04:37 PM EST

Good afternoon counsel.

Please see the attached BCBSC's Responses to Plaintiff's Request for Production of Documents in the above-referenced case. We will begin to send bate-stamped records to you via email tomorrow.

Thanks for your patience.

**Tamal A. Banton, Acting Chief Legal Counsel**

**Office of Legal Counsel**

**Baltimore City Public Schools**

**200 E. North Avenue, Suite 208**

**Baltimore, Maryland 21202**

**410-396-8542 telephone**

**410-396-2955 facsimile**

**tabanton@bcps.k12.md.us**

**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

BCBSC's Responses to Plaintiff's 1st Request for Production of Documents (Moore, Lana v. BCBSC).pdf
195kB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LANA MOORE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-19-0154 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**DEFENDANT BCBSC's RESPONSES TO PLAINTIFF's**
**<u>FIRST REQUEST FOR PRODUCTION OF DOCUMENTS</u>**

To: Lana Moore, Plaintiff ("Plaintiff Moore")

From: Baltimore City Board of School Commissioners, Defendant ("BCBSC")

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, BCBSC, by the undersigned attorneys, responds to Plaintiff's Request for Production of Documents as follows:

A. The information supplied in these responses is not based solely on the knowledge of the executing party but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

B. The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus does not necessarily purport to be the precise language of the executing party.

## GENERAL OBJECTIONS

1. BCBSC objects to the Requests for Productions of Documents to the extent they seek documents and/or information regarding conduct or circumstances that is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in determining whether or not BCBSC violated Plaintiff's rights.

2. BCBSC objects to the Requests for Productions of Documents and any implied or express instruction or direction in the document requests that impose or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

3. BCBSC objects to the Requests for Productions of Documents to the extent they seek disclosure of documents and/or information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

4. BCBSC objects to the Requests for Productions of Documents to the extent they seek the disclosure of proprietary and/or confidential business information of BCBSC and/or confidential personal and/or medical information of employees of BCBSC. To the extent the requests for production do seek such information, BCBSC will respond only pursuant to a Protective Order under Fed. R. Civ. P.26(c). Additionally, BCBSC will redact any confidential or personal information that cannot be disclosed absent consent by the person in interest.

5. BCBSC objects to the Requests for Productions of Documents to the extent they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

6. BCBSC reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Requests for Production, unless BCBSC specifically states otherwise.

7. BCBSC's general objections are applicable to, and included in, BCBSC's specific objections and answers set forth below.

8. BCBSC has bate-stamped any and all records responsive to these requests for production as "BCBSC." A copy of all bates-stamped records are enclosed herewith and/or attached hereto.

RESPONSES

**REQUEST NO. 1**: The documents referred to in your Answers to Interrogatories.

**RESPONSE TO REQUEST NO. 1: BCBSC did not specifically identify any documents in any answers to interrogatories. Nevertheless, any documents relating to the case *sub judice* are being bates-stamped "BCBSC" for production to counsel for Plaintiff.**

**REQUEST NO. 2**: All statements (as that term is used in Fed. R. Civ. P. 26(b)(3)(C)) which were previously made by this party and any of its present or former directors, officers, or employees, concerning the action or its subject matter.

**RESPONSE TO REQUEST NO. 2**: **BCBSC will produce any documents responsive to this request if any such documents exist.**

**REQUEST NO. 3**: The documents (including, but not limited to, correspondence, notes, memoranda, and journal entries) which relate to, describe, summarize, or memorialize any communication between you and Rajat Biswas concerning the occurrence.

**RESPONSE TO REQUEST NO. 3**: **BCBSC objects that this request seeks irrelevant information not reasonably calculated to the lead to the discovery of admissible evidence, in that the documents and/or information requested is beyond the allegations in the Complaint in this case. BCBSC also objects that this request is overly broad, burdensome, vague, confusing, non-specific, and not sufficiently limited in time and scope.**

**REQUEST NO. 4**: All documents (including, but not limited to, fee agreements, reports, and correspondence) provided to, received from, or prepared by each witness identified by you in connection with the disclosures required by Fed. R. Civ. P. 26(a)(2)(A) or in connection with any witness identified in your Answer to Standard Interrogatory No. 8 or 9.

**RESPONSE TO REQUEST NO. 4**: **BCBSC has not designated any experts and does not intend to designate any experts at this time; however, reserves the right to designate experts to rebut any experts designated by Plaintiff in this case.**

**REQUEST NO. 5**: All documents received from or provided to any other party to this action or received from any third-party since the filing of the Complaint, whether provided informally or in response to a formal request.

**RESPONSE TO REQUEST NO. 5**: **BCBSC incorporates its response to request for no. 2 as if fully stated herein.**

**REQUEST NO. 6**: All documents referred to in the Complaint and other pleadings, as the word "pleadings" is defined in Fed. R. Civ. P. 7(a).

**RESPONSE TO REQUEST NO. 6**: **BCBSC objects that this request for production is vague, confusing, incoherent and unclear. Subject to and without waiving any objections, BCBSC incorporates its response to request for number 2 as if fully stated herein.**

**REQUEST NO. 7**: All documents concerning any investigation made by Defendant in response to Plaintiff's complaints of harassment, discrimination, disparate treatment, and/or retaliation as alleged in the Complaint. Identify the author of each such document.

**RESPONSE TO REQUEST NO. 7**: **BCBSC objects to the extent this request seeks the production of records prepared in anticipation of litigation and/or**

**attorney work product records. Subject to and without waiving any objections, BCBSC incorporates its response to request for number 2 as if fully stated herein.**

<u>REQUEST NO. 8</u>: All documents concerning Defendant's policy to prevent discrimination/retaliation and Plaintiff's utilization of such policy, including without limitation any documents concerning Plaintiff's awareness of the policy and any documents concerning any training provided by Defendant to Plaintiff. Identify the author of each such document.

**<u>RESPONSE TO REQUEST NO. 8</u>: BCBSC objects that this request is vague, unclear, incoherent, confusing, not sufficiently limited in time and scope, overly broad, burdensome, and seeks irrelevant information not reasonably calculated to the lead to the discovery of admissible evidence, in that the documents and/or information requested is beyond the allegations in the Complaint in this case. Subject to and without waiving any objections, BCBSC's policies and administrative regulations are available online at**

<u>https://go.boarddocs.com/mabe/bcpss/Board.nsf/goto?open=&id=87UHP87D677F</u>

<u>REQUEST NO. 9</u>: All documents that support, reflect, refer to any of Defendant's "Additional Defenses," as provided in Defendant's Answer to Complaint.

**<u>RESPONSE TO REQUEST NO. 9</u>: BCBSC objects that "Defendant's Answer to Complaint" is a legal pleading prepared by counsel for BCBSC and the "Additional Defenses" asserted are legal defenses not factual defenses, based upon the legal opinions and/or legal impressions of counsel for BCBSC relating to the facts and/or evidence as reviewed and interpreted**

**legally by counsel for BCBSC; and thus, this request seeks attorney work product and/or records based upon attorney-client communications; and thus, privileged.**

<u>**REQUEST NO. 10**</u>: All documents contained in Plaintiff's personnel file or disciplinary file, or related to Plaintiff's employment, such as payroll records, benefits, and/or retirement plan.

<u>**RESPONSE TO REQUEST NO. 10**</u>: **BCBSC incorporates its response to request for no. 2 as if fully stated herein.**

<u>**REQUEST NO. 11**</u>: All documents, including but limited to applications, resumes, and interview scores) related to candidates who were either hired or given interviews for the same positions that Plaintiff had applied.

<u>**RESPONSE TO REQUEST NO. 11**</u>: **BCBSC objects that this request is overly broad, not sufficiently limited in time and scope, seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence and seeks the disclosure of confidential and/or privileged information of persons not a party to this case.**

<u>**REQUEST NO. 12**</u>: All documents that refer, relate to or reflect Defendant's efforts to prevent retaliation against Plaintiff.

<u>**RESPONSE TO REQUEST NO. 12**</u>: **BCBSC objects that this request erroneous assumes as fact that Plaintiff was "retaliated against" by BCBSC. Subject to and without waiving any objections, BCBSC incorporates its response to request for nos. 2 and 8 as if fully stated herein.**

<u>**REQUEST NO. 13**</u>: All documents that relate to or concern Defendant's decision to not hire Plaintiff.

**RESPONSE TO REQUEST NO. 13: BCBSC objects that this request erroneous assumes as fact that Plaintiff was "not hired" based upon a particularized decision by BCBSC; hence, Plaintiff's request disregards that the hiring of a person other than Plaintiff does not mean there was a concerted effort and specific particularized determination not to hire her. Subject to and without waiving any objections, BCBSC incorporates its response to request for nos. 2 and 8 as if fully stated herein.**

**REQUEST NO. 14**: Any communications, including emails and other electronically stored information, from or to each person (either specifically or generally identified) concerning Plaintiff's applications.

**RESPONSE TO REQUEST NO. 14: BCBSC objects that this request is overly broad, burdensome, not sufficiently limited in time and scope, and also to the extent this request seeks irrelevant records not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, BCBSC incorporates its response to request no. 2 as if fully stated herein.**

**REQUEST NO. 15**: Any communications, including emails and other electronically stored information from or to each person (either specifically or generally identified) concerning Plaintiff's EEO complaint.

**RESPONSE TO REQUEST NO. 15: BCBSC incorporates its response to request no. 14 as if fully stated herein.**

**REQUEST NO. 16**: All documents which constitute, reflect, or relate to any comparison made between Plaintiff and any individual applying for the same position as Plaintiff.

**RESPONSE TO REQUEST NO. 16: BCBSC incorporates its response to request no. 14 as if fully stated herein.**

REQUEST NO. 17: Any and all reports, letters of commendation, reviews, or other similar documents relating to Plaintiff's job performance not contained in Plaintiff's personnel file.

**RESPONSE TO REQUEST NO. 16: BCBSC objects that this request is vague, unclear, not sufficiently limited in time and scope, burdensome, and non-specific. Subject to and without waiving any objections, BCBSC responds: BCBSC will produce any documents responsive to this request that exist.**

REQUEST NO. 18: All statements of witnesses or potential witnesses or persons interviewed by Defendant in connection with this lawsuit.

**RESPONSE TO REQUEST NO. 18: BCBSC objects that this request seeks the production of attorney work product records as "documents" that will be introduced "statements of witnesses or potential witnesses or persons interviewed by Defendant in connection with this lawsuit" seeks attorney work product from counsel for BCBSC, and not records of BCBSC independent of attorney work product in preparation for litigation in this case. Witnesses and/or potential witnesses to be called at trial will be based upon the legal strategies of counsel for BCBSC based upon the legal impressions of the facts and evidence by counsel; and thus, such records would be privileged and not subject to production in discovery.**

**REQUEST NO. 19**: Copies of any and all books, documents or other tangible things which may or may not be introduced at trial, but which may have a bearing on this lawsuit and may be used as demonstrative evidence at trial.

**RESPONSE TO REQUEST NO. 19: BCBSC objects that this request seeks the production of attorney work product records as "books, documents, or other tangible things" that will be "introduced at trial" and/or will be used as "demonstrative evidence at trial" will be determined by counsel for BCBSC, not BCBSC, as counsel will determine the legal strategies on behalf of BCBSC based upon the legal impressions of the case by counsel and/or the legal strategies of counsel. Subject to and without waiving any objections, BCBSC responds: BCBSC has produced and will continue to produce all documents relating to this case that are responsive to a specific request for production of documents propounded by Plaintiff. BCBSC is also willing to agree to a joint exhibit with Plaintiff if this case should proceed to trial.**

**REQUEST NO. 21 (sic)**: Documents you intend to introduce into evidence during the trial of this lawsuit.

**RESPONSE TO REQUEST NO. 21: BCBSC objects that this request seeks the production of attorney work product records as "documents" that will be introduced "into evidence during trial of this lawsuit" will be determined by counsel for BCBSC, not BCBSC, as counsel will determine the legal strategies on behalf of BCBSC based upon the legal impressions of the case by counsel and/or the legal strategies of counsel. Subject to and without**

**waiving any objections, BCBSC responds: BCBSC has produced and will continue to produce all documents relating to this case that are responsive to a specific request for production of documents propounded by Plaintiff. BCBSC is also willing to agree to a joint exhibit with Plaintiff if this case should proceed to trial.**

Respectfully submitted,

Tamal A. Banton

Tamal A. Banton, Federal Bar No. 27206
Senior Counsel
Amanda L. Costley, Federal Bar No. 30198
Associate Counsel
Office of Legal Counsel –
Baltimore City Public Schools
200 East North Avenue, Suite 208
Baltimore, Maryland 21202
(410) 396-8542 telephone
(410) 396-2955 facsimile
tabanton@bcps.k12.md.us
alcostley@bcps.k12.md.us
*Attorneys for Defendant BCBSC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 2nd day of January 2020, a copy of the foregoing BCBSC's Responses to Plaintiff Request for Production of Documents were mailed first-class postage prepaid and emailed to:

Karl-Henri Gauvin, Esquire
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, Maryland 21201
kgauvin@gauvinlawfirm.com
*Attorneys for Plaintiff*

*Tamal A. Banton*
Tamal A. Banton

*EXHIBIT X*

RE: BCBSC's Responses to Plaintiff's Request for Production of Documents (

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Cc: ALCostley@bcps.k12.md.us

Date: Monday, January 6, 2020, 11:22 AM EST

Attached are BCBSC's Answers to Interrogatories.

**Tamal A. Banton, Acting Chief Legal Counsel**

**Office of Legal Counsel**

**Baltimore City Public Schools**

**200 E. North Avenue, Suite 208**

**Baltimore, Maryland 21202**

**410-396-8542 telephone**

**410-396-2955 facsimile**

**tabanton@bcps.k12.md.us**

**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

**From:** Karl-Henri Gauvin [mailto:kgauvin@gauvinlawfirm.com]
**Sent:** Thursday, January 2, 2020 6:34 PM

**To:** Banton, Tamal A <tabanton@bcps.k12.md.us>
**Cc:** Costley, Amanda L. <ALCostley@bcps.k12.md.us>
**Subject:** Re: BCBSC's Responses to Plaintiff's Request for Production of Documents (

Thank you. We will also need the response to the interrogatories.

Kind regards,

Karl-Henri Gauvin

Sent from Yahoo Mail for iPhone

On Thursday, January 2, 2020, 4:37 PM, Banton, Tamal A <tabanton@bcps.k12.md.us> wrote:

Good afternoon counsel.

Please see the attached BCBSC's Responses to Plaintiff's Request for Production of Documents in the above-referenced case. We will begin to send bate-stamped records to you via email tomorrow.

Thanks for your patience.

**Tamal A. Banton, Acting Chief Legal Counsel**
**Office of Legal Counsel**
**Baltimore City Public Schools**
**200 E. North Avenue, Suite 208**
**Baltimore, Maryland 21202**
**410-396-8542 telephone**
**410-396-2955 facsimile**
**tabanton@bcps.k12.md.us**
**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

**CAUTION:** This email originated from outside the Baltimore City Public School System. Do not click links, give sensitive information, or open attachments unless from a trusted source. Forward all suspicious emails to CitySchoolsphish@bcps.k12.md.us.

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

BCBSC's Answers to Plaintiff's INTs 010620 (Moore, Lana v. BCBSC).pdf
172.2kB

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LANA MOORE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-19-0154 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**BCBSC's ANSWERS TO PLAINTIFF's INTERROGATORIES**

To: Lana Moore, Plaintiff ("Plaintiff' or "Plaintiff Moore")

From: Baltimore City Board of School Commissioners, Defendant ("BCBSC")

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant BCBSC, by and through its undersigned attorneys, states in response to Plaintiff Lana Moore's Interrogatories:

A. The information supplied in these answers is not based solely on the knowledge of the executing party but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

B. The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus does not necessarily purport to be the precise language of the executing party.

GENERAL OBJECTIONS

1. BCBSC objects to the Interrogatories to the extent they seek information relating to conduct or circumstances that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in determining whether or not BCBSC violated the rights of Lana Moore as is alleged in the Complaint.

2. BCBSC objects to the Interrogatories and any implied or express instruction or direction in the Interrogatories that impose or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

3. BCBSC objects to the Interrogatories to the extent they seek disclosure of information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

4. BCBSC objects to the Interrogatories to the extent they seek disclosure of proprietary and/or confidential business information of BCBSC and/or the Baltimore City Board of School Commissioners and/or confidential personal and/or medical information of employees of BCBSC. To the extent the Interrogatories do seek such information, BCBSC will respond only pursuant to a Protective Order under Fed. R. Civ. P. 26.

5. BCBSC objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

6. BCBSC reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Interrogatories, unless BCBSC specifically states otherwise.

7. BCBSC' general objections are applicable to, and included in, BCBSC's specific objections and answers set forth below.

ANSWERS

INTERROGATORY NO. 1: Identify all persons who are likely to have personal knowledge of any fact alleged in the Compliant or in your Response to Complaint, and state the subject matter of the personal knowledge possessed by each such person.

ANSWER TO INTERROGATORY NO. 1: **BCBSC objects that this interrogatory is vague, unclear, non-specific and calls for speculation. BCBSC further objects that this interrogatory is compound in that it asks multiple questions within one single interrogatory. Additionally, BCBSC objects to the**

**extent that this interrogatory seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objections, BCBSC responds: BCBSC is aware that employees from the Office of Human Capital, including but not limited to Jerome Jones, may have knowledge and/or information relating to claims alleged by Lana Moore in the case *sub judice* and the defenses to those claims as presented by BCBSC. Linda Chen, Dr. Theodore Thompson, and Dr. Gregory Thornton also may have knowledge and information relating to Plaintiff's claims and/or the reorganization that occurred within Baltimore City Public Schools in 2016 and the hiring of persons during said reorganization. There could be additional persons that have knowledge and information relative to this case that may be revealed during the discovery process, however, at this time, the only employees that BCBSC is aware has some knowledge and/or information relating to Dr. Moore are the persons named above herein.**

**INTERROGATORY NO. 2:** For each witness identified by you, provide a complete statement of the opinions to be expressed and basis and reasons therefore.

**ANSWER TO INTERROGATORY NO. 2: BCBSC objects that this interrogatory seeks the disclosure of information protected as privileged attorney-client communications and/or attorney work product. BCBSC is the only defendant in this case and can only respond on its own behalf, and thus, BCBSC further objects that this interrogatory calls for speculation.**

**INTERROGATORY NO. 3:** Please describe Plaintiff's work performance while employed by BCBSC.

**<u>ANSWER TO INTERROGATORY NO. 3</u>: BCBSC objects that this interrogatory is overly broad, vague, burdensome, not sufficiently limited in time and scope, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, BCBSC responds: BCBSC has never reprimanded Plaintiff for her work performance during her employment term with BCBSC and BCBSC has no knowledge or information at this time to indicate that her work performance was not satisfactory.**

**<u>INTERROGATORY NO. 4</u>:** Please list any accolades given to Plaintiff while employed by BCBSC.

**<u>ANSWER TO INTERROGATORY NO. 4</u>: BCBSC objects that the term "accolades" is vague, unclear and undefined; and thus, is left for the interpretation from counsel for BCBSC as to what is meant by said term; and therefore, is subject to the attorney-client privilege and/or attorney work product doctrine in that any response will be based upon the legal interpretation of counsel for BCBSC as to said term. Subject to and without waiving any objections, BCBSC responds: Plaintiff has received favorable and/or positive reviews on her employee evaluations.**

**<u>INTERROGATORY NO. 5</u>:** Please state reasons in detail why Plaintiff was not hired or interviewed for the positions she had applied.

**<u>ANSWER TO INTERROGATORY NO. 5</u>: BCBSC objects that this request is vague, confusing, unclear, overly broad, too burdensome, not sufficiently limited in time and scope, and is presumptious. Subject to and without waiving any**

objections, BCBSC responds: It is BCBSC's position that employee applications are reviewed independently as to each employment candidate for the open position that the applicants are applying for. It is further BCBSC's position that persons seeking employment with BCBSC are hired based upon their individual strengths and does not necessarily involve a comparision with other applicants. There are only a number of employment positions available and number of interview spots available for each position. Not every applicant is interviewed or hired nor is there a legal requirement to interview or hire every applicant, even if the applicant is already employed with BCBSC. The applicants that are scheduled for interviews are based upon the strength of their own application and/or resume which does not mean that persons who do not receive an interveiw or are not hired are lacking in the ability to do a job. Dr. Moore was not hired for positions she applied for and/or not interviewed for positions because other persons were hired for the positions and other persons were interviewed for the positions.

INTERROGATORY NO. 6: Please list the qualifications, race and age of each person who was hired and interviewed for the positions in which Plaintiff had submitted an application.

ANSWER TO INTERROGATORY NO. 6: BCBSC objects that this request is vague, confusing, unclear, overly broad, too burdensome, not sufficiently limited in time and scope, and is presumptious. BCBSC further objects that this interrogatory seeks the disclosure of confidential and privileged information of employees of BCBSC that are not a party to this case.

**INTERROGATORY NO. 7:** Please list the reasons why Plaintiff was not offered interviews after filing an EEO Complaint.

**ANSWER TO INTERROGATORY NO. 7:** **BCBSC objects that this request is vague, confusing, unclear, overly broad, too burdensome, not sufficiently limited in time and scope, fails to establish a substantive foundation, and is presumptious. Subject to and without waiving any objections, BCBSC responds: BCBSC is unaware of when Plaintiff filed an EEO Complaint in comparison to when she applied for any positions and the filing of an EEO Complaint has no correlation with the determination for the hiring of a person for employment and/or offering an interview to a person seeking employment. Moreover, EEO Complaints are handled by the EEO Office within BCBSC and not the Office of Human Capital and/or any other division that would provide employment to Plaintiff, i.e. EEO Complaints are handled independently and separately within BCBSC.**

**INTERROGATORY NO. 8:** State the facts concerning the matters alleged in paragraph 20 of your Response to the Complaint, including but not limited to the basis for your denial of employment to the Plaintiff in spite of exceeded qualifications.

**ANSWER TO INTERROGATORY NO. 8:** **BCBSC objects that this request is vague, confusing, unclear, overly broad, burdensome, not sufficiently limited in time and scope, and seeks the disclosure of a response protected as attorney work product and/or the attorney client privilege as the "Response to the Complaint" is a legal pleading filed by counsel for BCBSC on behalf of BCBSC based upon the legal impressions of counsel for BCBSC. BCBSC also objects that this interrogatory is presumptious. BCBSC further objects that this interrogatory is compound in that it prseents multiple questions within the same interrogatory.**

**Additionally, BCBSC objects that this interrogatory is erroneous in that BCBSC has presented no allegations in this case and the "Response to the Complaint" is response to Plaintiff's allegations, not an assertion of allegations by BCBSC. Also, BCBSC objects that this interrogatory requires a review of other pleadings with counsel for BCBSC to gather and understand what is being asked in this interrogatory; and thus is subject to the attorney-client privilege as any response is based upon a review of pleadings with counsel to provide a substantive response. BCBSC also objects that it does not have the burden of proof as Plaintiff has failed to establish a prima facie case of discrimination in this case. Subject to and without waiving any objections, BCBSC responds: BCBSC did not discriminate against Dr. Moore at any time on any basis, including but not limited to race or age; and there is absolutely no evidence of discrimination. Dr. Moore's claims of discrimination are totally based upon erroneous presumptions, speculation and conjecture, and no substantive facts. BCBSC does not engage in unfair employment practices based upon race as alleged in paragraph 20 of her Complaint nor has Dr. Moore ever been treated unfairly by BCBSC in comparision to "her colleagues in terms of employment opportunities." Dr. Moore's allegations in her complaint are baseless, without substantive support and based upon speculation and conjecture.**

**INTERROGATORY NO. 9:** State the facts concerning the matters alleged in paragraph 21 of your Response to the Complaint, including but not limited to the basis for Theodore Thompson's decision in denying the Plaintiff employment.

**<u>ANSWER TO INTERROGATORY NO. 9</u>: BCBSC incorporates its answer to interrogatory no. 8 as if fully stated herein and further states: BCBSC has no information and/or substantive evidence to indicate that Dr. Theodore Thompson favored African-American female applicants and employees and/or believe Plaintiff's allegations of such in Paragraph 21 of the Complaint. Dr. Moore's allegations in her complaint are baseless, without substantive support and based upon speculation and conjecture.**

**<u>INTERROGATORY NO. 10</u>:** State the facts concerning the matters alleged in paragraph 22 of your Response to the Complaint, including but not limited to the experience of the African-American women hired over the Plaintiff.

**<u>ANSWER TO INTERROGATORY NO. 10</u>: BCBSC incorporates its answer to interrogatory nos. 8 and 9 as if fully stated herein and further states: All applicants for employment with BCBSC are reviewed for employment based upon each individual applicant's overall application, including but not limtied to resume, interviews, work experience, and recommendations. Dr. Moore's allegations in her complaint are baseless, without substantive support and based upon speculation and conjecture and Dr. Moore has admitted and acknowledged that she has no knowledge or information based upon the qualifications of the African-American women that have been hired; and thus, she essentially admits she is speculating that they are "less qualified."**

**<u>INTERROGATORY NO. 11</u>:** State the facts concerning the matters alleged in paragraph 31 of your Response to the Complaint, including but not limited to the basis for your denial that following the complaints filed by the Plaintiff, retaliation did not take place.

**<u>ANSWER TO INTERROGATORY NO. 11</u>: BCBSC incorporates its answer to interrogatory nos. 8, 9 and 10 as if fully stated herein and further states: The filing of an application for employment does not entitle an applicant to an interview and at no time has BCBSC denied Dr. Moore an interview for a position she has applied for based upon any filings of a complaint or grievance by her as any and all determinations for interviews are made based upon the applications and resumes of applicants without review or consideration of any complaints filed.**

**<u>INTERROGATORY NO. 12</u>:** Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's complaints of discrimination and/or retaliation as alleged in the Complaint, and describe the actions of such individuals in detail.

**<u>ANSWER TO INTERROGATORY NO. 12</u>: BCBSC objects that this interrogatory is vague, unclear, overly broad, burdensome, presumptious, and not sufficiently limited in time and scope. BCBSC also objects that this interrogatory seeks the disclosure of information protected as attorney work product and/or the attorney client privilege. BCBSC further objects that this interrogatory seeks the disclosure of confidential and/or privileged information not subject to disclosure as well as the disclousre of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.**

**<u>INTERROGATORY NO. 13</u>:** Describe fully and in detail (including the names and positions of the individuals involved, and the relevant dates) what steps, if any, Defendant took to prevent retaliation against Plaintiff after she made complaints as alleged in paragraph 14 of the Complaint.

**<u>ANSWER TO INTERROGATORY NO. 13</u>: BCBSC incorporates its answer to interrogatory nos. 8, 9 and 10 as if fully stated herein.**

__INTERROGATORY NO. 14__: Describe in detail all training provided to Defendant's employees (as identified, specifically or generally, in Plaintiff's Complaint) regarding the prevention of discrimination, and/or retaliation, and complaint procedures, including the date and place of each such session. Identify each person who conducted each training session, and the persons who attended, and state whether attendance was mandatory.

**__ANSWER TO INTERROGATORY NO. 14__: BCBSC objects that this interrogatory is overly broad, too burdensome, not sufficiently limited in time and scope, and seeks privileged and/or confidential information not subject to disclosure. BCBSC further objects that this interrogatory seeks the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, the EEO Office has conducted trainings for employees of BCBSC, which includes but is not limited to anti-discriminatory training conducted online required for employees of BCBSC.**

__INTERROGATORY NO. 15__: Describe any documents that reflect policies and procedures used to ensure that discrimination does not take place within the hiring process, and identify if the Defendant's employees who were pertinent in the employment process were aware of such policies and procedures.

**__ANSWER TO INTERROGATORY NO. 15__: BCBSC's policies and admininstrative regulations can be located on the website for Baltimore City Public Schools, i.e.** __www.baltimorecityschools.org__.

__INTERROGATORY NO. 16__: For the past five years, identify all persons who have made complaints of employment discrimination, a hostile work environment, or retaliation, against the Baltimore City Public School System, its employees or officers, set forth the allegations of the complaint in detail; and describe in detail any action taken by the Defendant or its employees in response to the complaint. Complaints include verbal complaints, written complaints, lawsuits, agency filings, and any other means by which employees have complained about employment discrimination or a hostile work environment.

**<u>ANSWER TO INTERROGATORY NO. 16</u>: BCBSC objects that this interrogatory is overly broad, burdensome, not sufficiently limited in time and scope, and seeks privileged and/or confidential information not subject to disclosure. BCBSC further objects that this interrogatory seeks the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.**

<u>INTERROGATORY NO. 17</u>: Does the Defendant or any of Defendant's employees have knowledge or indications of discrimination based upon race or age in the workplace of the Baltimore City Public School System and if so, please state:

a. The acts or circumstances involved;
b. The dates of their occurrence;
c. The location of their occurrence;
d. The names and titles of those involved;
e. The names and titles of those responsible for investigating the acts and/or circumstances;
f. The date and a description of action taken by management in response to the acts and/or circumstances;
g. Whether the acts and/or circumstances continued after management's response?

**<u>ANSWER TO INTERROGATORY NO. 17</u>: BCBSC objects that this interrogatory is overly broad, burdensome, not sufficiently limited in time and scope, and seeks the disclosure of irrelevant information not reasonably calculated to lead to the discvoery of admissible evidence. BCBSC further objects that this interrogatory seeks confidential and/or privileged information not subject to disclosure; and moreover, this interrogatory calls for speculation. BCBSC also objects that this interrogatory seeks the disclosure of informaiton protected as attorney work product and/or the attorney client privilege.**

**Additionally, BCBSC objects that this interrogatory is compound in that multiple questions are presented within a single interrogatory.**

<u>INTERROGATORY NO. 18</u>: State for Plaintiff the following information:

a. The date the Plaintiff's position was terminated;
b. The education level attained at the time of termination;
c. The job title, grade, or salary level and rate of pay at the date of termination.

**<u>ANSWER TO INTERROGATORY NO. 18</u>: BCBSC objects that this interrogatory is compound as it asks multiple questions within a single interrogatory. Subject to and without waiving any objections, BCBSC responds: The position that Plaintiff was employed in was eliminated when BCBSC had a school district wide reduction in force that resulted in a reorganization of employment positions within BCBSC. Hence, Plaintiff was not terminated, but instead her position was eliminated during a district wide reduction in force resulting in a reorganization as stated above herein at the close of the 2015/2016 school year.**

<u>INTERROGATORY NO. 19</u>: State whether there was ever any complaint relative to Plaintiff's ability to do the work assigned, and if so, describe this in detail.

**<u>ANSWER TO INTERROGATORY NO. 19</u>: BCBSC objects that this interrogatory is vague, unclear, undefined, overly broad, burdensome, not sufficiently limited in time and scope, and seeks the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, BCBSC responds: BCBSC is unaware of any written or verbal complaints relating to Plaintiff's ability to do any work assigned to her during her employment term with BCBSC.**

**<u>INTERROGATORY NO. 20</u>:** With respect to each meeting, conversation, or discussion, however informal, at which time the salary, performance, or evaluation of Plaintiff was discussed by officers and/or managers and/or supervisors of the Baltimore City Public School System set forth:

a. The date of the meeting, conversation, or discussion;
b. The name and address of each participant of the meeting, conversation, or discussion; and
c. A description in detail of what was said by whom.

**<u>ANSWER TO INTERROGATORY NO. 20</u>: BCBSC objects that this interrogatory is compound in that it asks multiple questions within a single interrogatory and further objects that this interrogatory is vague, confusing, unclear, overly broad, burdensom, and not sufficiently limited in time and scope. BCBSC further objects that this interrogatory is presumptious and speculative, in that, it assumes as facts events that never have taken place.**

**<u>INTERROGATORY NO. 21</u>:** Set forth with particularity all facts and circumstances upon which you base each and every one of the "Affirmative Defenses," stating each one separately, and identifying all documents which reflect, refer to, or discuss the allegation(s) of the Complaint and/or the Defendant's defense(s) thereto.

**<u>ANSWER TO INTERROGATORY NO. 21</u>: BCBSC objects that affirmative defenses are legally based arguments made by the attorneys for BCBSC based upon the legal impressions and the legal training of counsel for BCBSC, and thus subject to the attorney work product doctrine. Because affirmative defenses are based upon legal impressions and litigation tactics and preservations by counsel for BCBSC, any factual answer to this interrogatory will be based upon communications with counsel for BCBSC as the Federal Rules of Civil Procedure are held and maintained in the Office of Legal Counsel for Baltimore City Schools as only the attorneys for BCBSC are familiar with Fed. R. Civ. P. 12(b), entitled**

**"How to Present Defenses." BCBSC also objects that this interrogatory is vague and unclear if it seeks fact based answers from BCBSC as opposed to legally based answers as the common employee, absent legal training is unfamiliar with what constitutes "affirmatitve defenses." Subject to and without waiving any objections, BCBSC responds: Counsel for BCBSC, in its legal representation of BCBSC files all pleadings and presents all legal defenses on behalf of BCBSC, which would include answers and amended answers to the complaint and/or amended complaint wherein pursuant to Fed. R. Civ. P. 12(b), affirmative defenses are identified; and for preservation of legal issues purposes, were speciifically identified in BCBSC's Rule 12(b) responses to the Complaint.**

**AFFIRMATION**

I HEREBY CERTIFY under penalty of perjury that the foregoing Answers to the Interrogatories are true to the best of my knowledge, information and belief on behalf of the Baltimore City Board of School Commissioners. Executed on

______________________________.
DATE

______________________________
Jerome Jones, on behalf of
Baltimore City Board of School Commissioners

Respectfully submitted,

*Tamal A. Banton*

Tamal A. Banton, Federal Bar No. 27206
Acting Chief Legal Counsel
Amanda L. Costley, Federal Bar No. 30198
Associate Counsel
Office of Legal Counsel –
Baltimore City Public Schools
200 East North Avenue, Suite 208
Baltimore, Maryland 21202
(410) 396-8542 telephone
(410) 396-2955 facsimile
tabanton@bcps.k12.md.us
alcostley@bcps.k12.md.us
*Attorneys for Defendant BCBSC*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this ___ day of January 2020, a copy of the foregoing BCBSC's Answers to Plaintiff's Interrogatories was sent first-class postage prepaid and emailed to:

Karl-Henri Gauvin, Esquire
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, Maryland 21201
kgauvin@gauvinlawfirm.com
*Attorneys for Plaintiff*

*Tamal A. Banton*
Tamal A. Banton

*EXHIBIT XI*

# BCBSC 1 through BCBSC 7 (Moore, Lana v. BCBSC)

From: Banton, Tamal A (tabanton@bcps.k12.md.us)

To: kgauvin@gauvinlawfirm.com

Cc: ALCostley@bcps.k12.md.us

Date: Thursday, January 9, 2020, 09:51 AM EST

Good morning counsel.

Please see attached documents. More documents are being stamped and will be emailed.

**Tamal A. Banton, Acting Chief Legal Counsel**

**Office of Legal Counsel**

**Baltimore City Public Schools**

**200 E. North Avenue, Suite 208**

**Baltimore, Maryland 21202**

**410-396-8542 telephone**

**410-396-2955 facsimile**

**tabanton@bcps.k12.md.us**

**443-642-4256 Direct Line**

**Notice: This message (including any attachments) is intended only for the use of the individual and/or entity to which it is specifically addressed and may contain information that is non-public, proprietary, privileged, confidential, and/or exempt from disclosure under the appropriate applicable law(s) and may also constitute attorney work product and/or attorney-client communiciations that are not subject to public disclosure. Any disclosure, copying, distribution or other use of the contents of this electronic communication by any party other than the intended recipient is strictly prohibited. Therefore, if you are not the intended recipient, you are hereby on notice that any use, dissemination, distribution, and/or copying of this communication is strictly prohibited. Therefore, if you have received this message in error, please notify the sender via telephone at the number above and/or via electronic mail at tabanton@bcps.k12.md.us immediately; and also you must (i) immediately destroy this message if received via a facsimile or printout, or (ii) immediately delete this message if received via an electronic communication. Thank you.**

NOTICE: The information contained in this e-mail may be confidential and is intended solely for the use of the named addressee. Access, copying or re-use of the e-mail or any information contained herein by any other person is not authorized. If you are not the intended recipient please notify us immediately by returning the e-mail to the originator.

BCBSC 1 through BCBSC 7.pdf
1.4MB

BALTIMORE CITY
PUBLIC SCHOOLS

Stephanie Rawlings-Blake
*Mayor, City of Baltimore*

Neil E. Duke, Esq.
*Chair, Baltimore City Board of School Commissioners*

Andrés A. Alonso, Ed.D.
*Chief Executive Officer*

August 25, 2010

Ms. Lana Moore
18616 Lappans Rd
Boonsboro, MD 21713

Dear Ms. Moore:

Congratulations! Your interim assignment was approved by the Board of School Commissioners on August 24, 2010. The following terms and conditions apply to this appointment

| | |
|---|---|
| Interim Position Title: | Managing Assistant Principal- High |
| Organization: | No. 0435- Institute of Business and Entrepreneurship High |
| Effective Date: | August 25, 2010 |
| End Date: | June 30, 2011 |

Your interim salary will be based on an annual rate of $123,397, and you will receive benefits associated with this position.

You may not continue to work in this assignment beyond the above end date without an assignment extension approval letter. Without this your appointment will automatically expire along with your interim salary and benefits. Please work with your supervisor to ensure that any anticipated extensions to your interim assignment are submitted timely and approved well in advance of the indicated end date in order to avoid any disruption in pay and benefits.

Please indicate your acceptance or declination by signing the appropriate line below:

Dr. Lana Moore
Accept: Signature & Date Aug. 25, 2010 Decline: Signature & Date

If you decline the position, return the original letter with your signature to Pamela Holland, Office of Compensation, 200 E. North Avenue, Baltimore, Maryland 21202.

On behalf of the Office of Human Capital and all of the Baltimore City Public Schools employees, we extend to you our best wishes in your new assignment.

Sincerely,

Shawn Y. Stokes
Chief Human Capital Officer

C: Pamela Holland
Hiring Manager

GREAT KIDS
GREAT SCHOOLS