**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| LANA MOORE | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-19-0154 |
| BALTIMORE CITY BOARD OF SCHOOL COMMISSIONERS | * | |
| | * | |
| Defendant. | * | |

* * * * * * * * * * * * * *

**BCBSC's ANSWERS TO PLAINTIFF's INTERROGATORIES**

To: Lana Moore, Plaintiff ("Plaintiff" or "Plaintiff Moore")

From: Baltimore City Board of School Commissioners, Defendant ("BCBSC")

Pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, Defendant BCBSC, by and through its undersigned attorneys, states in response to Plaintiff Lana Moore's Interrogatories:

A. The information supplied in these answers is not based solely on the knowledge of the executing party but includes the knowledge of the party's agents, representatives and attorneys, unless privileged.

B. The word usage and sentence structure may be that of the attorney assisting in the preparation of these answers and thus does not necessarily purport to be the precise language of the executing party.

## GENERAL OBJECTIONS

1. BCBSC objects to the Interrogatories to the extent they seek information relating to conduct or circumstances that are irrelevant and not reasonably calculated to lead to the discovery of admissible evidence in determining whether or not BCBSC violated the rights of Lana Moore as is alleged in the Complaint.

2. BCBSC objects to the Interrogatories and any implied or express instruction or direction in the Interrogatories that impose or seeks to impose burdens greater than those imposed by the Federal Rules of Civil Procedure.

3. BCBSC objects to the Interrogatories to the extent they seek disclosure of information protected under the attorney-client privilege, the work-product doctrine, or any other applicable privilege or immunity.

4. BCBSC objects to the Interrogatories to the extent they seek disclosure of proprietary and/or confidential business information of BCBSC and/or the Baltimore City Board of School Commissioners and/or confidential personal and/or medical information of employees of BCBSC. To the extent the Interrogatories do seek such information, BCBSC will respond only pursuant to a Protective Order under Fed. R. Civ. P. 26.

5. BCBSC objects to the Interrogatories to the extent they are overly broad, unduly burdensome, or not reasonably calculated to lead to the discovery of admissible evidence.

6. BCBSC reserves all objections as to the competence, relevance, materiality, admissibility, or privileged status of any information provided in response to these Interrogatories, unless BCBSC specifically states otherwise.

7. BCBSC' general objections are applicable to, and included in, BCBSC's specific objections and answers set forth below.

## ANSWERS

**INTERROGATORY NO. 1:** Identify all persons who are likely to have personal knowledge of any fact alleged in the Compliant or in your Response to Complaint, and state the subject matter of the personal knowledge possessed by each such person.

**ANSWER TO INTERROGATORY NO. 1: BCBSC objects that this interrogatory is vague, unclear, non-specific and calls for speculation. BCBSC further objects that this interrogatory is compound in that it asks multiple questions within one single interrogatory. Additionally, BCBSC objects to the**

**extent that this interrogatory seeks the disclosure of information protected by the attorney-client privilege and/or the attorney work product doctrine. Subject to and without waiving any objections, BCBSC responds: BCBSC is aware that employees from the Office of Human Capital, including but not limited to Jerome Jones, may have knowledge and/or information relating to claims alleged by Lana Moore in the case *sub judice* and the defenses to those claims as presented by BCBSC. Linda Chen, Dr. Theodore Thompson, and Dr. Gregory Thornton also may have knowledge and information relating to Plaintiff's claims and/or the reorganization that occurred within Baltimore City Public Schools in 2016 and the hiring of persons during said reorganization. There could be additional persons that have knowledge and information relative to this case that may be revealed during the discovery process, however, at this time, the only employees that BCBSC is aware has some knowledge and/or information relating to Dr. Moore are the persons named above herein.**

**INTERROGATORY NO. 2:** For each witness identified by you, provide a complete statement of the opinions to be expressed and basis and reasons therefore.

**ANSWER TO INTERROGATORY NO. 2: BCBSC objects that this interrogatory seeks the disclosure of information protected as privileged attorney-client communications and/or attorney work product. BCBSC is the only defendant in this case and can only respond on its own behalf, and thus, BCBSC further objects that this interrogatory calls for speculation.**

**INTERROGATORY NO. 3:** Please describe Plaintiff's work performance while employed by BCBSC.

**ANSWER TO INTERROGATORY NO. 3: BCBSC objects that this interrogatory is overly broad, vague, burdensome, not sufficiently limited in time and scope, and seeks irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, BCBSC responds: BCBSC has never reprimanded Plaintiff for her work performance during her employment term with BCBSC and BCBSC has no knowledge or information at this time to indicate that her work performance was not satisfactory.**

**INTERROGATORY NO. 4:** Please list any accolades given to Plaintiff while employed by BCBSC.

**ANSWER TO INTERROGATORY NO. 4: BCBSC objects that the term "accolades" is vague, unclear and undefined; and thus, is left for the interpretation from counsel for BCBSC as to what is meant by said term; and therefore, is subject to the attorney-client privilege and/or attorney work product doctrine in that any response will be based upon the legal interpretation of counsel for BCBSC as to said term. Subject to and without waiving any objections, BCBSC responds: Plaintiff has received favorable and/or positive reviews on her employee evaluations.**

**INTERROGATORY NO. 5:** Please state reasons in detail why Plaintiff was not hired or interviewed for the positions she had applied.

**ANSWER TO INTERROGATORY NO. 5: BCBSC objects that this request is vague, confusing, unclear, overly broad, too burdensome, not sufficiently limited in time and scope, and is presumptious. Subject to and without waiving any**

**objections, BCBSC responds: It is BCBSC's position that employee applications are reviewed independently as to each employment candidate for the open position that the applicants are applying for. It is further BCBSC's position that persons seeking employment with BCBSC are hired based upon their individual strengths and does not necessarily involve a comparision with other applicants. There are only a number of employment positions available and number of interview spots available for each position. Not every applicant is interviewed or hired nor is there a legal requirement to interview or hire every applicant, even if the applicant is already employed with BCBSC. The applicants that are scheduled for interviews are based upon the strength of their own application and/or resume which does not mean that persons who do not receive an interveiw or are not hired are lacking in the ability to do a job. Dr. Moore was not hired for positions she applied for and/or not interviewed for positions because other persons were hired for the positions and other persons were interviewed for the positions.**

**INTERROGATORY NO. 6:** Please list the qualifications, race and age of each person who was hired and interviewed for the positions in which Plaintiff had submitted an application.

**ANSWER TO INTERROGATORY NO. 6: BCBSC objects that this request is vague, confusing, unclear, overly broad, too burdensome, not sufficiently limited in time and scope, and is presumptious. BCBSC further objects that this interrogatory seeks the disclosure of confidential and privileged information of employees of BCBSC that are not a party to this case.**

<u>**INTERROGATORY NO. 7**</u>**:** Please list the reasons why Plaintiff was not offered interviews after filing an EEO Complaint.

<u>**ANSWER TO INTERROGATORY NO. 7**</u>**: BCBSC objects that this request is vague, confusing, unclear, overly broad, too burdensome, not sufficiently limited in time and scope, fails to establish a substantive foundation, and is presumptious. Subject to and without waiving any objections, BCBSC responds: BCBSC is unaware of when Plaintiff filed an EEO Complaint in comparison to when she applied for any positions and the filing of an EEO Complaint has no correlation with the determination for the hiring of a person for employment and/or offering an interview to a person seeking employment. Moreover, EEO Complaints are handled by the EEO Office within BCBSC and not the Office of Human Capital and/or any other division that would provide employment to Plaintiff, i.e. EEO Complaints are handled independently and separately within BCBSC.**

<u>**INTERROGATORY NO. 8**</u>**:** State the facts concerning the matters alleged in paragraph 20 of your Response to the Complaint, including but not limited to the basis for your denial of employment to the Plaintiff in spite of exceeded qualifications.

<u>**ANSWER TO INTERROGATORY NO. 8**</u>**: BCBSC objects that this request is vague, confusing, unclear, overly broad, burdensome, not sufficiently limited in time and scope, and seeks the disclosure of a response protected as attorney work product and/or the attorney client privilege as the "Response to the Complaint" is a legal pleading filed by counsel for BCBSC on behalf of BCBSC based upon the legal impressions of counsel for BCBSC. BCBSC also objects that this interrogatory is presumptious. BCBSC further objects that this interrogatory is compound in that it prseents multiple questions within the same interrogatory.**

**Additionally, BCBSC objects that this interrogatory is erroneous in that BCBSC has presented no allegations in this case and the "Response to the Complaint" is response to Plaintiff's allegations, not an assertion of allegations by BCBSC. Also, BCBSC objects that this interrogatory requires a review of other pleadings with counsel for BCBSC to gather and understand what is being asked in this interrogatory; and thus is subject to the attorney-client privilege as any response is based upon a review of pleadings with counsel to provide a substantive response. BCBSC also objects that it does not have the burden of proof as Plaintiff has failed to establish a prima facie case of discrimination in this case. Subject to and without waiving any objections, BCBSC responds: BCBSC did not discriminate against Dr. Moore at any time on any basis, including but not limited to race or age; and there is absolutely no evidence of discrimination. Dr. Moore's claims of discrimination are totally based upon erroneous presumptions, speculation and conjecture, and no substantive facts. BCBSC does not engage in unfair employment practices based upon race as alleged in paragraph 20 of her Complaint nor has Dr. Moore ever been treated unfairly by BCBSC in comparision to "her colleagues in terms of employment opportunities." Dr. Moore's allegations in her complaint are baseless, without substantive support and based upon speculation and conjecture.**

**<u>INTERROGATORY NO. 9</u>:** State the facts concerning the matters alleged in paragraph 21 of your Response to the Complaint, including but not limited to the basis for Theodore Thompson's decision in denying the Plaintiff employment.

**<u>ANSWER TO INTERROGATORY NO. 9</u>: BCBSC incorporates its answer to interrogatory no. 8 as if fully stated herein and further states: BCBSC has no information and/or substantive evidence to indicate that Dr. Theodore Thompson favored African-American female applicants and employees and/or believe Plaintiff's allegations of such in Paragraph 21 of the Complaint. Dr. Moore's allegations in her complaint are baseless, without substantive support and based upon speculation and conjecture.**

**<u>INTERROGATORY NO. 10</u>:** State the facts concerning the matters alleged in paragraph 22 of your Response to the Complaint, including but not limited to the experience of the African-American women hired over the Plaintiff.

**<u>ANSWER TO INTERROGATORY NO. 10</u>: BCBSC incorporates its answer to interrogatory nos. 8 and 9 as if fully stated herein and further states: All applicants for employment with BCBSC are reviewed for employment based upon each individual applicant's overall application, including but not limtied to resume, interviews, work experience, and recommendations. Dr. Moore's allegations in her complaint are baseless, without substantive support and based upon speculation and conjecture and Dr. Moore has admitted and acknowledged that she has no knowledge or information based upon the qualifications of the African-American women that have been hired; and thus, she essentially admits she is speculating that they are "less qualified."**

**<u>INTERROGATORY NO. 11</u>:** State the facts concerning the matters alleged in paragraph 31 of your Response to the Complaint, including but not limited to the basis for your denial that following the complaints filed by the Plaintiff, retaliation did not take place.

**<u>ANSWER TO INTERROGATORY NO. 11</u>: BCBSC incorporates its answer to interrogatory nos. 8, 9 and 10 as if fully stated herein and further states: The filing of an application for employment does not entitle an applicant to an interview and at no time has BCBSC denied Dr. Moore an interview for a position she has applied for based upon any filings of a complaint or grievance by her as any and all determinations for interviews are made based upon the applications and resumes of applicants without review or consideration of any complaints filed.**

**<u>INTERROGATORY NO. 12</u>:** Identify any and all individuals who participated in any investigation initiated by Defendant in response to Plaintiff's complaints of discrimination and/or retaliation as alleged in the Complaint, and describe the actions of such individuals in detail.

**<u>ANSWER TO INTERROGATORY NO. 12</u>: BCBSC objects that this interrogatory is vague, unclear, overly broad, burdensome, presumptious, and not sufficiently limited in time and scope. BCBSC also objects that this interrogatory seeks the disclosure of information protected as attorney work product and/or the attorney client privilege. BCBSC further objects that this interrogatory seeks the disclosure of confidential and/or privileged information not subject to disclosure as well as the disclousre of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.**

**<u>INTERROGATORY NO. 13</u>:** Describe fully and in detail (including the names and positions of the individuals involved, and the relevant dates) what steps, if any, Defendant took to prevent retaliation against Plaintiff after she made complaints as alleged in paragraph 14 of the Complaint.

**<u>ANSWER TO INTERROGATORY NO. 13</u>: BCBSC incorporates its answer to interrogatory nos. 8, 9 and 10 as if fully stated herein.**

**INTERROGATORY NO. 14:** Describe in detail all training provided to Defendant's employees (as identified, specifically or generally, in Plaintiff's Complaint) regarding the prevention of discrimination, and/or retaliation, and complaint procedures, including the date and place of each such session. Identify each person who conducted each training session, and the persons who attended, and state whether attendance was mandatory.

**ANSWER TO INTERROGATORY NO. 14: BCBSC objects that this interrogatory is overly broad, too burdensome, not sufficiently limited in time and scope, and seeks privileged and/or confidential information not subject to disclosure. BCBSC further objects that this interrogatory seeks the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, the EEO Office has conducted trainings for employees of BCBSC, which includes but is not limited to anti-discriminatory training conducted online required for employees of BCBSC.**

**INTERROGATORY NO. 15:** Describe any documents that reflect policies and procedures used to ensure that discrimination does not take place within the hiring process, and identify if the Defendant's employees who were pertinent in the employment process were aware of such policies and procedures.

**ANSWER TO INTERROGATORY NO. 15: BCBSC's policies and admininstrative regulations can be located on the website for Baltimore City Public Schools, i.e. www.baltimorecityschools.org.**

**INTERROGATORY NO. 16:** For the past five years, identify all persons who have made complaints of employment discrimination, a hostile work environment, or retaliation, against the Baltimore City Public School System, its employees or officers, set forth the allegations of the complaint in detail; and describe in detail any action taken by the Defendant or its employees in response to the complaint. Complaints include verbal complaints, written complaints, lawsuits, agency filings, and any other means by which employees have complained about employment discrimination or a hostile work environment.

**ANSWER TO INTERROGATORY NO. 16: BCBSC objects that this interrogatory is overly broad, burdensome, not sufficiently limited in time and scope, and seeks privileged and/or confidential information not subject to disclosure. BCBSC further objects that this interrogatory seeks the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence.**

**INTERROGATORY NO. 17:** Does the Defendant or any of Defendant's employees have knowledge or indications of discrimination based upon race or age in the workplace of the Baltimore City Public School System and if so, please state:

a. The acts or circumstances involved;
b. The dates of their occurrence;
c. The location of their occurrence;
d. The names and titles of those involved;
e. The names and titles of those responsible for investigating the acts and/or circumstances;
f. The date and a description of action taken by management in response to the acts and/or circumstances;
g. Whether the acts and/or circumstances continued after management's response?

**ANSWER TO INTERROGATORY NO. 17: BCBSC objects that this interrogatory is overly broad, burdensome, not sufficiently limited in time and scope, and seeks the disclosure of irrelevant information not reasonably calculated to lead to the discvoery of admissible evidence. BCBSC further objects that this interrogatory seeks confidential and/or privileged information not subject to disclosure; and moreover, this interrogatory calls for speculation. BCBSC also objects that this interrogatory seeks the disclosure of informaiton protected as attorney work product and/or the attorney client privilege.**

**Additionally, BCBSC objects that this interrogatory is compound in that multiple questions are presented within a single interrogatory.**

<u>**INTERROGATORY NO. 18**</u>**:** State for Plaintiff the following information:

a. The date the Plaintiff's position was terminated;
b. The education level attained at the time of termination;
c. The job title, grade, or salary level and rate of pay at the date of termination.

<u>**ANSWER TO INTERROGATORY NO. 18**</u>**: BCBSC objects that this interrogatory is compound as it asks multiple questions within a single interrogatory. Subject to and without waiving any objections, BCBSC responds: The position that Plaintiff was employed in was eliminated when BCBSC had a school district wide reduction in force that resulted in a reorganization of employment positions within BCBSC. Hence, Plaintiff was not terminated, but instead her position was eliminated during a district wide reduction in force resulting in a reorganization as stated above herein at the close of the 2015/2016 school year.**

<u>**INTERROGATORY NO. 19**</u>**:** State whether there was ever any complaint relative to Plaintiff's ability to do the work assigned, and if so, describe this in detail.

<u>**ANSWER TO INTERROGATORY NO. 19**</u>**: BCBSC objects that this interrogatory is vague, unclear, undefined, overly broad, burdensome, not sufficiently limited in time and scope, and seeks the disclosure of irrelevant information not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving any objections, BCBSC responds: BCBSC is unaware of any written or verbal complaints relating to Plaintiff's ability to do any work assigned to her during her employment term with BCBSC.**

**<u>INTERROGATORY NO. 20</u>:** With respect to each meeting, conversation, or discussion, however informal, at which time the salary, performance, or evaluation of Plaintiff was discussed by officers and/or managers and/or supervisors of the Baltimore City Public School System set forth:

a. The date of the meeting, conversation, or discussion;
b. The name and address of each participant of the meeting, conversation, or discussion; and
c. A description in detail of what was said by whom.

**<u>ANSWER TO INTERROGATORY NO. 20</u>: BCBSC objects that this interrogatory is compound in that it asks multiple questions within a single interrogatory and further objects that this interrogatory is vague, confusing, unclear, overly broad, burdensom, and not sufficiently limited in time and scope. BCBSC further objects that this interrogatory is presumptious and speculative, in that, it assumes as facts events that never have taken place.**

**<u>INTERROGATORY NO. 21</u>:** Set forth with particularity all facts and circumstances upon which you base each and every one of the "Affirmative Defenses," stating each one separately, and identifying all documents which reflect, refer to, or discuss the allegation(s) of the Complaint and/or the Defendant's defense(s) thereto.

**<u>ANSWER TO INTERROGATORY NO. 21</u>: BCBSC objects that affirmative defenses are legally based arguments made by the attorneys for BCBSC based upon the legal impressions and the legal training of counsel for BCBSC, and thus subject to the attorney work product doctrine. Because affirmative defenses are based upon legal impressions and litigation tactics and preservations by counsel for BCBSC, any factual answer to this interrogatory will be based upon communications with counsel for BCBSC as the Federal Rules of Civil Procedure are held and maintained in the Office of Legal Counsel for Baltimore City Schools as only the attorneys for BCBSC are familiar with Fed. R. Civ. P. 12(b), entitled**

**"How to Present Defenses." BCBSC also objects that this interrogatory is vague and unclear if it seeks fact based answers from BCBSC as opposed to legally based answers as the common employee, absent legal training is unfamiliar with what constitutes "affirmatitve defenses." Subject to and without waiving any objections, BCBSC responds: Counsel for BCBSC, in its legal representation of BCBSC files all pleadings and presents all legal defenses on behalf of BCBSC, which would include answers and amended answers to the complaint and/or amended complaint wherein pursuant to Fed. R. Civ. P. 12(b), affirmative defenses are identified; and for preservation of legal issues purposes, were speciifically identified in BCBSC's Rule 12(b) responses to the Complaint.**

**AFFIRMATION**

I HEREBY CERTIFY under penalty of perjury that the foregoing Answers to the Interrogatories are true to the best of my knowledge, information and belief on behalf of the Baltimore City Board of School Commissioners. Executed on

_________________________.
DATE

______________________________
Jerome Jones, on behalf of
Baltimore City Board of School Commissioners

Respectfully submitted,

*Tamal A. Banton*

Tamal A. Banton, Federal Bar No. 27206
Acting Chief Legal Counsel
Amanda L. Costley, Federal Bar No. 30198
Associate Counsel
Office of Legal Counsel –
Baltimore City Public Schools
200 East North Avenue, Suite 208
Baltimore, Maryland 21202
(410) 396-8542 telephone
(410) 396-2955 facsimile
tabanton@bcps.k12.md.us
alcostley@bcps.k12.md.us
*Attorneys for Defendant BCBSC*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this ___ day of January 2020, a copy of the foregoing BCBSC's Answers to Plaintiff's Interrogatories was sent first-class postage prepaid and emailed to:

Karl-Henri Gauvin, Esquire
The Gauvin Law Firm, LLC
1120 N. Charles Street, Suite 410
Baltimore, Maryland 21201
kgauvin@gauvinlawfirm.com
*Attorneys for Plaintiff*

*Tamal A. Banton*
Tamal A. Banton